EISENBERG v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1919.)

No. 3362.

1. INDICTMENT AND INFORMATION ⊗⌐125(4)—JOINING IN ONE COUNT ILLEGAL SALES FROM QUARTERMASTER'S DEPARTMENT.

Where indictment charged illegal purchases from Quartermaster's Department during certain months, contention that such purchases on different dates would constitute separate offenses, and that indictment included more than one offense in the same count, *held* without merit.

2. ARMY AND NAVY ⊗⌐40—INDICTMENT AND INFORMATION ⊗⌐87(2)—SUFFICIENTLY SPECIFIC AS TO DATE OF OFFENSE AND DESCRIPTION OF PROPERTY SOLD.

An indictment for violation of Criminal Code (Act March 4, 1909, c. 321) § 35, 35 Stat. 1095 (Comp. St. § 10199), by knowingly purchasing "during the months of April and May, 1918," from soldiers in the Quartermaster's Department, having no lawful right to sell the same, "approximately 21 sacks of oats," the exact quantity being unknown, the property of the United States, furnished for use of the army, *held* sufficiently specific as to date and description of the property.

3. CRIMINAL LAW ⊗⌐780(3)—INSTRUCTIONS AS TO TESTIMONY OF ACCOMPLICES.

Instruction in a criminal case respecting testimony of accomplices *held* without error.

4. CRIMINAL LAW ⊗⌐1055, 1119(4)—REVIEW; REMARKS OF COUNSEL.

A judgment of conviction will not be reversed because of remarks of the prosecuting attorney in argument, which were not excepted to, and where the record contains neither the evidence nor the charge of the court.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

⊗⌐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against L. Eisenberg. Judgment of conviction, and defendant brings error. Affirmed.

C. M. Chambers and Dave Watson, both of San Antonio, Tex. (Chambers, Watson & Wilson, of San Antonio, Tex., on the brief), for plaintiff in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex. (Claud J. Carter, Asst. U. S. Atty., of San Antonio, Tex., on the brief), for the United States.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. The plaintiff in error (hereafter called the defendant) and his wife were charged in two counts, first, with having unlawfully "purchased," and, second, with having "unlawfully applied to his own use," certain property of the United States. Defendant was convicted on both counts. The record fails to disclose what became of the charges against the wife. Eleven errors are assigned, of which the second, third, fourth, fifth, sixth, and eighth are not relied on, and are therefore dismissed from further consideration.

[1, 2] The first error alleged is the overruling of a demurrer and motion to quash the indictment, on the grounds that the indictment includes more than one offense in the same count and fails to name a specific day upon which the offense occurred and to specifically describe the property. Both counts of the indictment are in substantially the same language, with the necessary change to charge the purchasing in the first count, and the application of the property to the defendant's own use in the second count. The material part of the indictment is as follows:

"That heretofore, to wit, during the months of April and May, A. D. 1918, the exact dates being to your grand jurors unknown, one L. Eisenberg and one Ida Eisenberg, acting together, each with the other, jointly and severally, did unlawfully, knowingly, and willfully purchase from one Sergeant S. W. Crawford and one Private Robert C. Jenkins, both of whom were then and there soldiers in the Quartermaster's Department of the United States Army, certain property of the United States, to wit, a certain quantity of oats, the exact quantity being to your grand jurors unknown, but being approximately twenty-one (21) sacks of oats, which said oats were then and there property which had been theretofore furnished to the army of the United States for use in the military service; the said soldiers then and there not having the lawful right to sell the same."

It is conceded by the defendant that the offenses of purchasing and applying to his own use might be properly incorporated in one indictment in separate counts under the provisions of R. S. § 1024 (Comp. St. § 1690); but the point is made that the purchasing, etc., of each sack of oats, if done on different days, would constitute a separate offense. It is further contended that neither the dates nor the description of the property is specific enough to put the defendant on notice and to serve as a basis for a defense of former jeopardy in possible future indictments.

We do not agree with any of these contentions. It is difficult to

conceive how property of the character involved here could be better described than was done, and clearly each count of the indictment presents but one offense. It is necessary for the government to lay some date in the indictment, but it is elemental that, having alleged a specific date, the prosecution is not bound by it, and may prove any date prior to the return of the indictment within the statute of limitations, three years. We think the indictment was sufficiently specific, and the overruling of the demurrer and motion to quash was not error.

[3] The seventh error assigned is to the charge given by the court regarding the testimony of two witnesses who were accomplices of the defendant and named in the indictment. The court charged the jury fairly and fully, with more elaboration than we here repeat, that the witnesses were accomplices, that the jury might convict upon their uncorroborated testimony, but that they should weigh the evidence with great care and accept it with caution. The charge given was not error.

[4] The ninth, tenth, and eleventh assignments of error relate to certain remarks of the Assistant District Attorney. In his closing argument the Assistant District Attorney stated in effect that defendant was represented by a criminal lawyer employed by the year, who had succeeded in acquitting him in many other cases. These remarks were unnecessary and in bad taste, and might have constituted reversible error, if unsupported by the evidence in the case, and the court had declined to reprimand counsel for the government, and had failed to charge the jury to disregard them. They were not excepted to, however, before the jury retired, because of the absence of counsel for the defendant from the courtroom. The negligence of counsel for the defense cannot be taken advantage of to incorporate in a bill of exceptions remarks of the district attorney in this way.

The purpose of excepting to remarks of counsel, or to the charge of the court, before the jury retires, is to allow to either a full and fair opportunity to correct or explain same. It appears from the bills of exception that, when objection was made to other remarks of the assistant district attorney, the court admonished him to keep within the record. Neither the charge of the court nor the complete evidence appears in the transcript. It is reasonable to assume that in his charge the court told the jury to disregard the unauthorized remarks of the district attorney, which would have cured the error, if any there was. Wright v. United States, 108 Fed. 805, 48 C. C. A. 37. The presumption is that all things are rightfully and regularly done in the lower court, and the burden is on the plaintiff in error to show the contrary. Reagan v. Aiken, 138 U. S. 109, 11 Sup. Ct. 283, 34 L. Ed. 892.

The record discloses no prejudicial error.

Affirmed.