## McBRYDE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 9, 1925.)

No. 4310.

**1. Post office ⚬⟶48(4)—Indictment for fraudulent use of mails held sufficient.**

In an indictment under Criminal Code, § 215 (Comp. St. § 10385), for using the mails to defraud, the fraudulent scheme to be effected is sufficiently described by setting out a letter written by accused to an intended victim, with a proper averment that the scheme was that described in the letter.

**2. Post office ⚬⟶48(4)—Specific allegation of knowledge of falsity of representation held unnecessary in indictment for using mails to defraud.**

Where a letter mailed by defendant, soliciting a bribe, represented that defendant was a prohibition officer, which representation was alleged to be false, it was not necessary to specifically allege that he knew it to be false.

**3. Criminal law ⚬⟶531(3), 736(2)—Evidence as to confession held a predicate for its admission, and whether it was voluntary was question for jury.**

Where evidence is given that a written confession was voluntarily made by defendant, reduced to writing in his presence, and read and signed by him, it is admissible in evidence, and the question whether it was voluntarily made, when submitted to the jury on conflicting evidence, and truthfully recites his statements, is for the jury.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Criminal prosecution by the United States against Robert R. McBryde. Judgment of conviction, and defendant brings error. Affirmed.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DONAHUE and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. In an indictment charging the unlawful use of the United States mails for fraudulent purposes, in violation of the provision of section 215 of the Criminal Code (Comp. St. § 10385), it is sufficient to set forth generally the fraudulent scheme and artifice which the accused devised and intended to devise, and in the execution of which fraudulent scheme he is charged with the unlawful use of the United States mails. Durland v. U. S., 161 U. S. 306, 315, 16 S. Ct. 508, 40 L. Ed. 709; Rosen v. U. S., 161 U. S. 29, 34, 16 S. Ct. 434, 40 L. Ed. 606; Freeman v. U. S., 244 F. 1, 8, 156 C. C. A. 429.

[1] While perhaps it is the better practice for the pleader to state in general terms the nature of the scheme and the manner and method employed and intended to be employed by the accused in accomplishing the fraudulent purpose, nevertheless the accused may not complain if the indictment charges the nature, intent, and purpose of the scheme with the same particularity and detail as described in a letter written by the accused and by him sent through the United States mail to the person intended to be defrauded, and to that end and for that purpose the letter itself may be copied into the indictment, if the proper averment is made that the scheme and artifice is, and was, as written and described in such letter.

The indictment in this case charges the defendant with devising and intending to de-

vise a scheme and artifice to defraud, and with the use of the United States mail pursuant to and for the purpose of executing such scheme, with such particularity as fully to inform defendant of the offense charged and what he must meet on the trial. U. S. v. Comyns, 248 U. S. 349, 353, 39 S. Ct. 98, 63 L. Ed. 287; U. S. v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516; Bettman v. U. S., 224 F. 819, 826, 140 C. C. A. 265.

[2] It is further claimed that the indictment in this case is defective, for the reason that it does not specifically charge that the accused knew the statements made in this letter, which he caused to be mailed to the addressee, were false and fraudulent. Among other things, he stated in this letter, in substance, that the writer was with the prohibition force from Washington, D. C.; that this force had been working the city for several weeks, and had discovered the addressee was engaged in the unlawful transportation and sale of intoxicating liquors; that the writer was in position to suppress prosecutions and permit the addressee to continue the business, and would do so if paid $400 before 6:00 p. m. on May 1st; that this protection would be good for one year. The letter was signed "Capt. Flying Squadron." The indictment further charges that all the representations in this letter were false and fraudulent, and particularly the representation that the defendant, the writer of this letter, was the captain of a flying squadron of prohibition agents, or had any official connection with the enforcement of the National Prohibition Act, or had any authority or power to suppress prosecution for violating said law, and the scheme of defendant was to misrepresent these facts to said addressee and thereby induce him to send the money as mentioned in the letter, which money defendant intended, as a part of his scheme, to convert to his own use. This sufficiently informed the accused that he was charged with knowledge of the falsity of these statements. Bettman v. U. S., 224 F. 819, 826, 140 C. C. A. 265, and cases there cited.

[3] Where evidence is offered tending to prove that a written confession was voluntarily made by the accused, that it was reduced to writing in his presence and read and signed by him, such written confession is admissible in evidence, and the questions whether it was voluntarily made, when submitted by the court upon conflicting evidence, and whether it truthfully recites the statements made by the accused, and reduced to writing in his presence, are questions for the jury. Wan v. U. S., 266 U. S. 1, 45 S. Ct. 1, 69 L. Ed. 131; McCool v. U. S. (C. C. A.) 263 F. 55; Murray v. U. S., 288 F. 1008, 1013, 53 App. D. C. 119; Shaw v. U. S., 180 F. 348, 355, 103 C. C. A. 494.

The verdict and judgment in this case is fully sustained by the evidence. For this reason the motion of the defendant for a directed verdict at the close of all the evidence was properly overruled.

Judgment affirmed.