**UNITED STATES v. ALUMINUM CO. OF AMERICA et al.**

**SAME v. AMERICAN MAGNESIUM CORPORATION et al.**

**SAME v. DOW CHEMICAL CO.**

District Court, S. D. New York.

Oct. 8, 1941.

Mathias F. Correa, of New York City, U. S. Atty., Samuel S. Isseks and Herbert A. Berman, Sp. Assts. to the Atty. Gen. (Monroe Karasik, of New York City, Creighton R. Coleman, of Washington, D. C., and Charles D. Pack, of New York City, of counsel), for the Government.

Simpson, Thacher & Bartlett, of New York City, for defendant Aluminum Co. of America and others.

Shearman & Sterling, of New York City, for defendant Dow Chemical Co. and others.

Corbin & Bennett, of New York City, for defendant Karl Hochschwender.

Alexander & Green, of New York City, for defendant I. G. Farben.

RIFKIND, District Judge.

Six motions for bills of particulars have been made herein, addressed to three indictments under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. To facilitate reference, the motions will be identified numerically as follows:

Motion No. 1 by Aluminum Company of America, American Magnesium Corporation, et al., with respect to indictment C-109-189;

Motion No. 2 by defendant I. G. Farben with respect to indictment C-109-189;

Motion No. 3 by defendants American Magnesium Corporation, Aluminum Company of America, et al, with respect to indictment C-109-190;

Motion No. 4 by defendant I. G. Farben with respect to indictment C-109-190;

Motion No. 5 by defendants Aluminum Company of America, American Magnesium Corporation, et al., with respect to indictment C-109-191;

Motion No. 6 by defendant I. G. Farben with respect to indictment C-109-191.

As far back as 1918 in United States v. Sumatra Purchasing Corp.[1] (Southern District of New York) Judge Mayer said:

"Enough has been written about bills of particulars not to require any elaborate restatement of familiar principles."

Since then additional and elaborate restatements have been written of the familiar principles. Three of these will be restated here:

■ 1. The granting or denial of a bill of particulars rests in the sound discretion of the trial court, a principle which I take to mean that the determination of the precise line which separates the particulars which will probably assist the defendant in preparing for trial, from particulars which will prematurely disclose the prosecution's evidence is an art and not a science.

■ 2. The office of a bill of particulars is to inform the accused of the nature of the charge with sufficient precision to enable him to prepare for trial, to prevent surprise and to plead his acquittal or conviction in bar of another prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

■ 3. A motion for a bill of particulars addressed to indictments under the anti-trust laws is sui generis because the crime involved must be differentiated not only from the generality of crimes but even from other conspiracies which require the allegation and proof of overt acts. United States v. General Petroleum Corp., D.C., 33 F.Supp. 95; United States v. General Electric Co., D.C.S.D.N.Y. 1941, 40 F.Supp. 627, Leibell, J.

The following demands are granted:

Motion No. 1: Item 3B, 4D, 7, 8D, 9C, 10B, 12E, 12o, 14B, 16D, 18B, 20B, 22C, 22J, 23B, 25A except last clause, 25B.

Motion No. 2: In addition to those demands which parallel the demands in Motion No. 1 which have been hereinabove granted, the following demand is granted: Item 6.

Motion No. 3: The following demands are granted: 3B, 4, 6A, 8.

Motion No. 4: The items which parallel the granted demands in Motion No. 3 are allowed.

Motion No. 5: The following demands are granted: 4 except A, 5, 6B.

Motion No. 6: In addition to the demands which parallel the granted demands

---

[1] No opinion for publication.

in Motion No. 5 the following demands are granted: 9, 12B.

The bills are to be served within thirty days.

Any items with respect to which the prosecution states that it is unable to comply with the demand at this time, shall be supplied by a supplemental bill not less than twenty days before trial.

Submit order.