**UNITED STATES v. GLEN ALDEN COAL CO. et al.**

District Court, S. D. New York.

July 16, 1943.

Thurman Arnold, Asst. Atty. Gen., and Samuel S. Isseks, Sp. Asst. to Atty. Gen. (Joseph T. Quinnan, Edwin J. Carrington, of Brooklyn, N. Y., and Nelson A. Sharfman and Armand F. Macmanus, both of New York City, Sp. Attys.), for the United States.

Walter Gordon Merritt, of New York City, for Glen Alden Coal Co., Delaware, Lackawanna & Western Coal Co., Pennsylvania Coal Co., Pattison & Bowns, Inc., East Bear Ridge Colliery Co., Edison Anthracite Coal Co., Moffat Coal Co., Mineral Spring Coal Co., No. 9 Coal Co., Sullivan Trail Coal Co., Payne Coal Co., Inc., Penn Anthracite Collieries Co., Pompey Coal Co., Russell Mining Co., Stevens Coal Co., Volpe Coal Co., Charles F. Huber, Gordon C. Cooke, Harry J. Connolly, William Gohl, Robert Y. Moffat, Louis Pagnotti, James Tedesco, Bruce Payne, Willard M. Burrus, Santo Volpe.

Eli Whitney Debevoise, of New York City, for Lehigh Valley Coal Co., Lehigh Valley Coal Sales Co., Lewis R. Close, and Arch E. Sloat.

John T. Cahill, of New York City, for Hudson Coal Co., Joseph H. Nuelle, G. B. Fillmore, and Frederick W. Leamy.

Fred N. Oliver and Willard P. Scott, both of New York City, for Lehigh Navigation Coal Co., Inc., Jesse B. Warriner, and Walter L. Banta.

William Clark Mason and Arthur Littleton, both of Philadelphia, Pa., for Philadelphia & Reading Coal & Iron Co., Ralph E. Taggart, and Joseph T. Berta.

Robert T. McCracken and Charles A. Wolfe, both of Philadelphia, Pa., and W. C. Scott, of New York City, for Susquehanna Collieries Co., M. A. Hanna Co., James Prendergast, and Chauncey W. Stone.

R. Sturgis Ingersoll and Richardson Blair, both of Philadelphia, Pa., for Cranberry Improvement Co. and Robert F. Duemler.

Philip Wallis, of Philadelphia, Pa., for Jeddo Highland Coal Co. and Donald Markle.

Robert Dechert, of Philadelphia, Pa., for Locust Coal Co. and Westen Dodson & Co., Inc.

Abram Salsburg, of Wilkes Barre, Pa., for Jermyn-Green Coal Co. and William S. Jermyn.

Anthony F. X. D'Iorio, of Pittston, Pa., for William Penn Colliery Co., Pasquale Andonizio (also known as Tony Rose), and Thomas Newton.

CONGER, District Judge.

Two motions for a bill of particulars have been made addressed to indictment No. C–113–391. This indictment charges the defendants with a violation of Section 1 of the Sherman Act, 15 U.S.C.A. § 1.

The first motion is participated in by all of the defendants and the second is made by the Philadelphia and Reading Coal and Iron Company and two individuals connected with it.

The first motion asks for full and complete details respecting the entire indictment. The granting of this motion would compel the government to disclose in advance of trial practically all of its evidence. This is not the purpose of a bill of particulars. United States v. General Electric Co. et al., D.C., 40 F.Supp. 627; Mulloney v. United States, 1 Cir., 79 F.2d 566.

It will be unnecessary for me to set forth at length the general and accepted rule regarding the granting of bills of particulars. Judge Rifkind has in a recent decision (United States v. Aluminum Co. of America et al., D.C., 41 F.Supp. 347) very clearly and definitely set forth the principles involved. I agree entirely with his decision.

Under the circumstances I feel that a limited bill should be granted on this application.

Disposition of the first motion:

Item 1 is denied.

Item 2 is granted to the extent that the government is required to name only the officers and agents through whom the defendant corporations acted in joining the combination and conspiracy referred to in paragraphs 11, 12, 13 and 14 of the indict-

ment (the government consented to this much of item 2); in addition the government should furnish information within its knowledge as will, with such particularity as it can, advise of the time, within reasonable limits, when it is charged that each defendant became a party to the combination and conspiracy alleged in the indictment.

■ Item 3 is granted to the extent that the government is required to name the person, or persons, through whom the defendant corporation became or were engaged in the combination and conspiracy (the government consented to this).

Item 4 is granted upon the condition that such particulars be furnished at least 30 days prior to the trial of the action (the government had consented to grant this item 10 days before trial).

■ Item 5 is denied except that the government should state generally what "among other things" consists of, with no greater particularity than employed in paragraph 12 after said phrase "among other things."

Item 6 is denied.

Item 7 is denied with the exception of 7(d) which is granted.

Item 8 is denied with the exception of 8 (b) which is granted.

Item 9 is denied with the exception of 9 (c), which is granted.

Item 10 is denied except for 10(e), which is granted.

Item 11 is denied.

Defendants have urged upon me in support of their contention herein the ruling in the case of United States v. Allied Chemical & Dye Corp. et al., D.C., 42 F. Supp. 425. I agree that the learned Judge, who heard the application for a bill in that case, granted much more to the defendants than I have on this application. I do not regard the result in that case as in any way being precedent here. There was an unusual and extraordinary set of circumstances presented in the Allied Chemical case. They are not present here. That case is easily distinguishable on the peculiar facts there found.

Motion number 2. The application is denied.

Bill to be served within 30 days except as above noted.

Settle order on notice.