**UNITED STATES v. STRAITIFF.**

Cr. No. 13723.

United States District Court
W. D. Pennsylvania.

May 29, 1953.

Robert L. London, New York City, for plaintiffs.

Foley & Statt, New York City, (Milton James, New York City, of counsel), for defendant.

338

Edward C. Boyle, Pittsburgh, Pa., for plaintiff.

John Duggan, Jr., Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the court on motion to dismiss the indictment, or in the alternative for a bill of particulars.

### Motion to Dismiss

Defendant contends that said indictment does not conform to the requirement of Rule 7(c) of the Rules of Criminal Procedure, 18 U.S.C.A.

Rule 7(c) provides, inter alia, that it may be alleged in a single count that the means by which the defendant committed the offense are unknown.

Counsel for defendant is insisting that the court interpret the word "may" as "shall," and proposes the thesis that the government erred in failing to specifically allege that the means by which the defendant committed the offense are unknown as to each count of the indictment.

As set forth in Rule 2 of the Federal Rules of Criminal Procedure, the purpose and construction of said rules "are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." 18 U.S.C.A. Rule 2.

In each of the six counts of the indictment it is alleged that the defendant, as Cashier of the First National Bank at Indiana, Pennsylvania, on a specified date and at a designated place, did take from the cash of said bank a definite sum of money which had been intrusted to him as Cashier of said Bank.

Had the government indicated as to each count that the means by which the defendant committed the offense are unknown, the defendant would be in no more enlightened position than at present. There exists no evidence to show that defendant could possibly be prejudiced by such an omission.

The counts in the instant indictment are stated substantially in the wording of the Act of Congress. Our courts have universally held that it is generally sufficient to charge a statutory offense in the language of the statute, particularly if the statute expressly defines the offense. Potter v. United States, 155 U.S. 438, 15 S.Ct. 144, 39 L.Ed. 214; Taran v. United States, 8 Cir., 88 F.2d 54; Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162.

### Motion for Bill of Particulars

In a criminal procedure a motion for a bill of particulars is addressed to the trial court's discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Mesarosh D.C., 13 F.R.D. 180.

An indictment is not required to set forth a myriad of details or satisfy every objection which human ingenuity may devise. It is sufficient if it charges every substantial element of the offense, and at the same time apprises the accused

of the charge against him in such a manner that he can prepare his defense without being taken by surprise, and to inform the court of the charges so that it may decide whether they are sufficient in law to support a conviction. Woolley v. United States, 9 Cir., 97 F.2d 258; United States v. Shindler, D.C., 13 F.R.D. 292; United States v. Krepper, 3 Cir., 159 F.2d 958.

It is my judgment that the specific counts of the indictment, with sufficient particularity, apprise the defendant of the crime charged to enable him properly to prepare his defense.

The government is not required to furnish the defendant in advance with the government's evidence. Mulloney v. United States, 1 Cir., 79 F.2d 566.

An appropriate Order is entered.