UNITED STATES v. LEFKOFF.

No. 10072.

United States District Court
E. D. Tennessee, S. D.

June 11, 1953.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Noone, Tanner & Noone, Chattanooga, Tenn., for defendant.

LESLIE R. DARR, Chief Judge.

The defendant was indicted on June 20, 1952, in the District Court for the Middle District of Tennessee, at Nashville, for the violation of section 145(b), Internal Revenue Code, 26 U.S.C. § 145(b), for the calendar years 1945, 1946 and 1947, for himself and wife, and for the fiscal years ending January 31, 1947 and January 31, 1948, for Rivoli Mills, a corporation.

The counts, except for the names of the parties and the dates and amounts, are in substance the same, and charge in effect that the defendant "did wilfully and knowingly attempt to defeat and evade a large part of income tax due and owing * * * to the United States of America * * * by filing and causing to be filed with the Collector of Internal Revenue, Collection District of Tennessee, at Nashville, a false and fraudulent income tax-return".

On December 8, 1952, the defendant filed a motion for a limited bill of particulars, which, after amendment on December 15, 1952, was allowed by order of the District Judge.

The defendant thereupon filed a motion to transfer the proceeding to the Southern Division, Eastern District of Tennessee, pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., on the grounds that the defendant, his witnesses and most of the witnesses of the United States reside in this district, and also that the records supporting the return were here; that the alleged wilful acts constituting the attempted evasion of his tax occurred at Chattanooga and that, therefore, the offenses charged in the indictment, if they happened, occurred both in the Eastern District of Tennessee, Southern Division, and the Middle District of Tennessee. It was claimed that the case should be removed to the Eastern District in the interest of justice to the defendant.

Rule 21(b) of the Federal Rules of Criminal Procedure provides: "The court upon motion of the defendant shall transfer the proceeding as to him to another district or division, if it appears from the indictment or information or from a bill of particulars that the offense was committed in more than one district or division and if the court is satisfied that in the interest of justice the proceeding should be transferred to another district or division in which the commission of the offense is charged."

The question, therefore, is, were the offenses with which the defendant is charged committed wholly within the Middle District of Tennessee, or in part in both the Eastern and Middle Districts of Tennessee.

Offenses begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. 18 U.S.C.A. § 3237.

The language of the indictment is definite and specific. It charges offenses to have been committed at Nashville, the Middle District of Tennessee, and at no other place.

An attempt is made by a bill of particulars, made in answer of the defendant's amended motion and the order of the Court, to modify and amend the indictment. The bill of particulars states:

1. The defendant's residence and place of business are in the suburbs of Chattanooga, Tennessee.

554

2. The majority of the witnesses on behalf of the United States reside in or near Chattanooga, Tennessee.

3. The returns alleged in the indictment as wilful attempts to defeat and evade income tax were filed as follow:

Returns of Wolfe K. Lefkoff

1945: Filed with the Deputy Collector at Chattanooga and forwarded to the Collector at Nashville.

1946: Same.

1947: Filed at Nashville, Tennessee.

Returns of Rose Lefkoff

1946: Filed with Deputy Collector at Chattanooga and forwarded to the Collector at Nashville.

1947: Filed at Nashville, Tennessee.

4. The defendant's books were kept at his place of business.

5. Myer Weiner of Chattanooga, who has an accounting firm, prepared all the returns involved in this case.

6. The majority of the acts which it is alleged show a wilful attempt to evade income tax occurred in the vicinity of Chattanooga, Tennessee.

It will be observed that the bill of particulars shows that the tax returns involved in counts three and five were filed with the Collector at Nashville. Nothing is said as to where the returns for the corporation, Rivoli Mills, involved in the sixth and seventh counts, were filed; and it must, therefore, be assumed that they were filed with the Collector at Nashville, as charged in the indictment.

■ In considering the effect of the bill of particulars, the Court necessarily takes into account, among other things, the previous history of the case. Prior to the filing of the bill of particulars, the case was transferred from the Middle District of Tennessee to this court, pursuant to the provisions of Rule 21(b), Federal Rules of Criminal Procedure, and was thereupon retransferred by this court on motion of the United States Attorney upon the ground that it did not appear either from the indictment nor from a bill of particulars that the offenses charged in the indictment, or

any part thereof, were committed in the Eastern District of Tennessee.

It seemed apparent that there was no sound basis for jurisdiction in this court, in view of the clear allegations of the indictment that the offenses were charged to have been committed at Nashville, in the Middle District.

The defendant thereupon made a motion and obtained an order for the bill of particulars; and likewise obtained an order to transfer the case again to this court, all as above-mentioned.

■ It is held generally that the purpose of a "Bill of Particulars" is to enable an accused to avoid surprise, and to enable him to prepare for trial. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Hughes v. United States, 6 Cir., 114 F.2d 285; Norris v. United States, 5 Cir., 152 F.2d 808, certiorari denied 328 U.S. 850, 66 S.Ct. 1118, 90 L.Ed. 1623; United States v. U. S. Gypsum Co., D.C., 37 F.Supp. 398; United States v. Yoffe, D.C., 52 F.Supp. 175; United States v. Kelly, D.C., 92 F.Supp. 672; United States v. Aluminum Company of America, D.C., 41 F.Supp. 347.

In the present case, the bill of particulars was obviously not sought for any such purpose, but was sought solely for venue purposes, and for the convenience of the defendant. The matters set out in the bill of particulars were already well known to the defendant, and the indictment was clear and specific as to the crime with which he was charged.

The question of venue and jurisdiction of this court is again for the second time presented. What, in other words, is the effect of this bill of particulars?

The offenses charged in the indictment are the filing of fraudulent income tax returns with the Collector of Internal Revenue at Nashville.

The offense charged cannot be changed, modified or vitalized by a bill of particulars. United States v. Johnson, D.C., 53 F.Supp. 167; Floren v. United States, 8 Cir., 186 F. 961; United States v. Lynch, D.C., 11 F.2d 298.

Matters of substance in an indictment cannot be changed either by consent of grand jury or by bill of particulars. United States v. Johnson, supra.

██ Furthermore, it is well settled that the granting of a bill of particulars is within the sound discretion of the court. Wong Tai v. United States, supra; Richardson v. United States, 6 Cir., 150 F.2d 58; Hughes v. United States, supra.

██ It is not reasonable to presume that it was the intention to imply in Rule 21(b) that in this type of case a bill of particulars might amend an indictment so as to afford venue at a place where it was not afforded by the language of the indictment itself. Such an interpretation of the rule would mean that the court, having the discretion to determine whether a bill of particulars might be filed, would thereby have the discretion to determine venue. Venue is a necessary element of an offense to be affirmatively proven by the government and it would not seem proper for a bill of particulars to change an element in the indictment. The defendant does not have a vested right of venue where venue might be in more than one district.

The defendant is not charged with filing a false return with the Deputy Collector at Chattanooga. He is not charged with falsifying his records in Chattanooga, or with mutilating or destroying or failing to keep records of his income. It is of no importance, under the charges of the indictment, as to where his records are kept, who prepared his returns and where such person resides. Neither does the indictment charge a series of events, commencing in Chattanooga, in the Eastern District and culminating in the final act of filing in Nashville, in the Middle District. The offense charged consists of one act, filing, at one place, Nashville, with a designated official, the Collector of Internal Revenue.

If the indictment itself does not charge any offenses to have been committed in the Eastern District, as seems too clear for doubt, this Court cannot see how the indictment can be legally amended by a bill of particulars so as to have the effect of charging a crime in this district.

██ "A bill of particulars ordinarily is not a part of an indictment or information, or a substitute therefor or an amendment thereto. * * * It neither strengthens nor weakens an indictment or information. It cannot change the offense charged * * *." 42 C.J.S., Indictments and Informations, § 156(d), pages 1101, 1102; United States v. Comyns, 248 U.S. 349, 39 S.Ct. 98, 63 L.Ed. 287; United States v. McKay, D.C., 45 F.Supp. 1001; United States v. Greve, D.C., 12 F.Supp. 372; Krause v. United States, 8 Cir., 267 F. 183.

██ A bill of particulars is referable to and must be construed in the light of the language of the indictment. Sawyer v. United States, 8 Cir., 89 F.2d 139.

██ As the Court construes this bill of particulars, it does not and cannot lawfully amend or supplement the indictment so as to include therein the offense of an attempted evasion of his tax by certain acts performed in Chattanooga, so as to give this court jurisdiction. That would be an unwarranted enlargement of the charges contained in the indictment.

Furthermore, the language of the indictment, together with the bill of particulars, does not under any aspect justify an interpretation that the offenses charged were committed both in the Eastern and Middle Districts of Tennessee, so as to permit a transfer to this court for trial, under Rule 21(b), Federal Rules of Criminal Procedure.

The bill of particulars states that the returns under two of the counts were filed with the Collector at Nashville. As to the sixth and seventh counts, no statement is made as to where the returns of the corporation were filed.

The bill of particulars says that as to three of the counts (one, two and four), the return was filed with the Deputy Collector at Chattanooga and forwarded to the Collector at Nashville.

██ The "filing" in Chattanooga was not authorized by law and if the return was left with the Deputy Collector here, it was merely for the convenience of the defendant; but if the lodging of the returns in Chattanooga was a "filing" thereof, the tax

**556**

returns were thus constructively filed in the Collector's office at Nashville.

 Neither was a transmittal through the mails a "filing" under the statute.

By statute, the returns must be filed with the collector. Section 53(b)(1, 2), Internal Revenue Code, 26 U.S.C.A. § 53(b)(1, 2).

The Collector's office is at Nashville, in the Middle District of Tennessee. It is there and nowhere else that the defendant was required to make his return. Bowles v. United States, 4 Cir., 73 F.2d 772; Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195.

The crimes alleged in the indictment follow closely the language of the statute, 26 U.S.C.A. § 145(b), and consist of a single act which occurred at one place and one time and the offense is to be tried only at that one place even though the preparations may occur elsewhere. Reass v. United States, 4 Cir., 99 F.2d 752; Shurin v. United States, 4 Cir., 164 F.2d 566; Eisler v. United States, 84 U.S.App.D.C. 404, 176 F.2d 21; United States v. Newton, D.C., 68 F.Supp. 952, affirmed, Newton v. United States, 4 Cir., 162 F.2d 795.

In the case last mentioned, the distinction is pointed out between prosecution of the taxpayer for evasion, and prosecution of others (such as accountants) for aiding and abetting. As to the latter, the offense may obviously be committed where the "aiding and abetting" occurred. This is not under the general aiding and abetting statute, but is under the Internal Revenue Code itself. Under the general aiding and abetting statute, the offender is considered the principal, but under the Internal Revenue Code aiding and abetting is a separate offense.

The returns were not "made" or "filed" when they were deposited in the mails or in the Chattanooga office. Wampler v. Snyder, supra.

"Shall file" means to deliver to the office and not send through the United States mail. A paper is filed when it is delivered to the proper official and by him received and filed. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897.

The Court is of the opinion that in this indictment no offenses are charged to have been committed, or partly committed, in this district so as to give this court jurisdiction.

While it is true that a defendant may waive venue, he cannot do so under Rule 21(b), Federal Rules of Criminal Procedure; nor does the Court know of any provision for a waiver of venue, except where the defendant wishes to plead guilty or nolo contendere. Rule 20, Federal Rules of Criminal Procedure.

The motion to retransfer the case to the Middle District of Tennessee, at Nashville, will be allowed.

Order accordingly.