UNITED STATES v. AARON.

UNITED STATES v. BRIDWELL et al.

No. A-6640 and A-6642.

United States District Court,
N. D. West Virginia,
Fairmont Division.

Dec. 29, 1953.

Howard Caplan, U. S. Atty., Clarksburg, W. Va., Milford Gibson, Asst. U. S. Atty., Kingwood, W. Va., and Roderick A. Devison, Asst. U. S. Atty., Fairmont, W. Va., for plaintiff.

Carl G. Bachmann, Wheeling, W. Va., Louis D. Meisel, Fairmont, W. Va., S. D. Lopinsky and Philip Angel, Charleston, W. Va., for Albert A. Aaron.

C. W. Moxley and W. M. Drennan, of Charleston, W. Va., for Robert H. Bridwell and Louise Bridwell.

WATKINS, District Judge.

The defendants in both of the above cases were indicted in September, 1953, in the District Court for the Northern District of West Virginia, for the violation of Section 145(b) Internal Revenue Code, 26 U.S.C.A. § 145(b).

The charges in both indictments are substantially the same, and charge in effect that the defendants "did willfully and knowingly attempt to defeat and evade a large part of the income tax due and owing * * * to the United States of America * * * by filing and causing to be filed with the Collector of Internal Revenue for the Internal Revenue Collection District of West Virginia, at Parkersburg, West Virginia, a false and fraudulent income tax return."

The defendants have filed two motions, one asking that the particular case be transferred to the District Court for the Southern District of West Virginia under Rule 21(b), Federal Rules of Criminal Procedure, 18 U.S.C.A., and the other motion asking for a bill of particulars. Counsel have stated that the latter motion for a bill of particulars is made in aid of the first motion to transfer. The motion for bill of particulars asks the government to state where the defendants resided at the time the returns were filed, and where the income tax returns were executed and placed in the mail.

The defendants claim that the offenses charged in the indictments were committed in both the Northern and Southern Districts of West Virginia and

can be transferred to the Southern District for trial under Rule 21(b). The government says the indictments charge a single act, filing at one place, Parkersburg, with a designated official, the Collector of Internal Revenue, and that the offense of filing at Parkersburg was committed wholly within the Northern District of West Virginia where the City of Parkersburg is located. I think the government is correct in this contention. Where the defendants resided when the returns were filed, or where the returns were executed and placed in the mails is of no importance, because the defendant is not charged with making or mailing a false return. He is charged with filing a false return at Parkersburg, in the Northern District of West Virginia.

The statute requires income tax returns to be filed with the Collector, Section 53(b) (1, 2) Internal Revenue Code, 26 U.S.C.A. § 53(b) (1, 2). The office of the Collector is at Parkersburg, and that is the place where the defendants were required to file their returns. The mailing of the returns does not constitute a "filing" under the statute. Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195.

The same questions arose in a recent case before Judge Darr in the Eastern District of Tennessee. United States v. Lefkoff, 113 F.Supp. 551, 556. Judge Darr stated:

"The crimes alleged in the indictment follow closely the language of the statute, 26 U.S.C.A., § 145(b), and consist of a single act which occurred at one place and one time and the offense is to be tried only at that one place even though the preparations may occur elsewhere. Reass v. United States, 4 Cir., 99 F.2d 752; Shurin v. United States, 4 Cir., 164 F.2d 566; Eisler v. United States, 84 U.S.App.D.C. 404, 176 F.2d 21; United States v. Newton, D.C., 68 F.Supp. 952, affirmed, Newton v. United States, 4 Cir., 162 F.2d 795.

\*    \*    \*    \*

" 'Shall file' means to deliver to the office and not send through the United States mail. A paper is filed when it is delivered to the proper official and by him received and filed. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897."

It is clear from reading the indictments that no offense is charged to have been committed or partly committed in the Southern District so as to give that court jurisdiction. I agree with the views so well expressed by Judge Darr in United States v. Lefkoff, supra, and would add the following additional reasons:

1. Had these indictments been returned in the Southern District, charging only the offense of filing the return in the Northern District at Parkersburg, they would be dismissed because of lack of jurisdiction. Since Rule 21(b) covers only offenses "committed in more than one district or division", that rule is not applicable.

■ 2. The offense of filing or causing a false return to be filed in the Northern District is not a continuing offense which could be tried "in any district in which such offense was begun, continued, or completed", under the provisions of 18 U.S.C.A. § 3237. It is obvious that the words "causing to be filed" were intended to charge the defendant with filing the return whether done by him personally or through someone else.

■ The indictments specifically charge the offense of filing at Parkersburg in the Northern District of West Virginia and at no other place. The indictments can not be amended by bill of particulars. The purpose of a bill of particulars is to enable an accused to avoid surprise and to prepare for trial. In these cases the bills of particulars were sought solely for venue purposes—to amend or change the indictment so as to afford venue at a place where it was not afforded by the allegations of the indictment itself. Furthermore the information sought by bill of particulars is within the knowledge of the defendants.

The motions for a bill of particulars and the motions to transfer are denied in each case.