**UNITED STATES of America**

v.

**Anna GARTMAN.**

**Cr. No. 18792.**

United States District Court
E. D. Pennsylvania.

Nov. 1, 1956.

W. Wilson White, U. S. Atty., Warren D. Mulloy, Asst. U. S. Atty., Philadelphia, Pa., for the Government.

Edmund E. DePaul, Benjamin H. Read and Herman I. Pollock, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The defendant, Anna Gartman, has moved to dismiss this indictment which charges her with use of the mails for the purpose of executing a scheme to defraud in violation of 18 U.S.C. § 1341.

Each of the five counts of the indictment alleges, in its first paragraph, that the defendant devised a continuing scheme to defraud, to wit, to obtain money from prospective male victims by pretending falsely to each that she intended to and would travel to visit him to determine his suitability for marriage, upon his compliance with her request to send her, in advance, the money for round-trip fare; that actually she intended to make no such visits and to ap-

propriate to her own use for other purposes the money she received.

Each count, in a second paragraph, avers that the defendant mailed a letter to a different male addressee for the purpose of executing the alleged scheme to defraud.

■ The defendant contends that a scheme to defraud under Section 1341 does not encompass a promise of future action even though the promisor then intends non-performance of the promise. The decisions under this statute and its predecessor have long held otherwise. Durland v. United States, 1895, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; United States v. Comyns, 1919, 248 U.S. 349, 39 S.Ct. 98, 63 L.Ed. 287.

■ There is no merit to defendant's claim that Section 1341 and this indictment are unconstitutionally vague. Of defendant's contention that premarital promises are peculiarly exempt from the ban of Section 1341, suffice it to say that this section embraces all schemes to defraud, whenever devised.

■ Finally, the defendant urges that, if an offense is charged, it is but one offense—one scheme—and that the first count is duplicated by all subsequent counts of the indictment. Each act of mailing, though done in furtherance of the execution of a single scheme, is a separate offense under this section. In re Henry, 1887, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174; Badders v. United States, 1916, 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706; Mitchell v. United States, 10 Cir., 1944, 142 F.2d 480; Palmer v. United States, 10 Cir., 1955, 229 F.2d 861. Moreover, in Bozel v. United States, 6 Cir., 1943, 139 F.2d 153, an indictment under the same section, drawn precisely in the same form as the instant indictment, was held not to be duplicitous.

### Order.

Now, November 1, 1956, the defendant's motion to dismiss the indictment is denied.