**UNITED STATES of America**

v.

**Robert O. DIERKER.**

**Cr. No. 15390.**

United States District Court
W. D. Pennsylvania.

July 23, 1958.

As Amended Sept. 19, 1958.

Hubert I. Teitelbaum, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Kenneth Jackson, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

As stated by the defendant, the information under consideration "alleges

that Nicholas A. Stirone * * * violated the Hobbs Anti-Racketeering Act, 18 U.S.C. § 1951. The manner in which Stirone allegedly committed such offense was by obstructing, delaying and affecting interstate commerce in materials and supplies used in making ready-mixed concrete for use in constructing a steel processing plant, whose product was to be transported in interstate commerce. It is alleged that Stirone thus affected interstate commerce from September 1, 1951 through December 31, 1953, by extorting $31,247.13 from William G. Rider, who supplied ready-mixed concrete for erection of said steel processing plant. The only charge against Robert O. Dierker, defendant herein, * * * is that: 'Commencing on or about the first day of September, 1951 * * * and continuing thereafter up to on or about December 31, 1953, Robert O. Dierker did knowingly, willfully and unlawfully aid and abet Nicholas A. Stirone * * *' in affecting commerce by extortion as aforesaid." We add the allegation that Rider was a party to a contract to furnish the concrete for the erection of the steel processing plant at Allenport, Pennsylvania.

Defendant filed a timely motion under Rule 12(b), Fed.R.Crim.P., 18 U.S.C., to dismiss the information on the following grounds:

"1. The Information was not found within five (5) years next after the commission of the offenses alleged therein to have occurred from on or about the first day of September, 1951, through the eighteenth day of December, 1952.

"2. By inclusion of offenses allegedly committed by defendant from on or about the first day of September, 1951, through the eighteenth day of December, 1952, the Information unduly prejudices defendant.

"3. The Information does not state facts sufficient to constitute an offense against the United States."

■ With respect to the first and second grounds, the short answer is that the information accuses Dierker of aiding and abetting one offense of extortion, not a succession of extortions. Extortion is composed of several elements, including threats inducing fear which cause the victim to give money to the extortioner. At trial the prosecution must show that money was paid within the five-year period of limitations. From all that appears in the information, the threats to induce Rider to pay money to Stirone in order to protect Rider's contract to furnish concrete may have begun in September, 1951, and the extortion consummated by payment of money in December, 1953, which latter date is well within the period of limitations. Cf. Hurst v. State, 1931, 44 Ga.App. 289, 161 S.E. 278.

■■ Although it is proper for the government to lay some date in the information, since time is not the essence of the offense, it is not essential that the date or dates on which the money was actually paid be alleged with particularity, but the government must prove at trial that it was paid within the period of limitations. Eisenberg v. United States, 5 Cir., 1919, 261 F. 598; United States v. Lair, 8 Cir., 1912, 195 F. 47; United States v. Reisley, D.C.N.J.1940, 32 F.Supp. 432; cf. Hardy v. United States, 1902, 186 U.S. 224, 225–226, 22 S.Ct. 889, 46 L.Ed. 1137; Ledbetter v. United States, 1898, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162.

■■ The defendant does not plead facts to show that no money was paid by Rider to Stirone since December 19, 1952. In federal courts the bar of the statute of limitations is a matter of defense usually to be determined at the trial of the general issue. Of course, when the motion to dismiss (formerly a special plea in bar) pleads facts which are capable of determination before the trial of the general issue, a preliminary hearing may be held. Rule 12(b)(1, 4), Fed.R.Crim.P. Even though it appears on the face of an information that the period of limitations has expired or, as here, may have expired, it should not be

dismissed on a nonfactual motion. United States v. Cook, 1872, 17 Wall. 168, 179–181, 21 L.Ed. 538; United States v. Parrino, 2 Cir., 1953, 203 F.2d 284; United States v. Haramic, D.C.W.D.Pa. 1954, 125 F.Supp. 128.

■ In applying these principles to the motion at hand, the court cannot accept the defendant's deductions and conclusions contained therein to the effect that a number of offenses occurred from September 1, 1951, through December 18, 1952, nor take cognizance of the facts particularized by counsel at argument and in their briefs.[1] The information on its face charges one offense against the defendant for which he is liable in law to be put upon trial, he having waived the finding of an indictment. The defendant may avail himself of the defense of the statute of limitations upon the trial of the general issue, but this court should not presume to instruct the trial judge how to dispose of questions relating to the statute of limitations in the light of facts which the litigants anticipate will be adduced at the trial.

With respect to the third ground, the information plainly sets forth facts sufficient to constitute an offense against the United States, 18 U.S.C. § 1951(b)(2). This was specifically ruled by Judge Sorg at Criminal No. 14871 in this court in denying the motion to dismiss an indictment against the principal, Nicholas A. Stirone, based on the same allegations except those of aiding and abetting.

An appropriate order will be entered denying the motion to dismiss.

Defendant alternatively moved for a bill of particulars. We think that he is entitled to certain particulars of which a presumably innocent aider and abettor would not ordinarily have knowledge. The government has conceded that he is entitled to several of those particulars required to be disclosed in the order to be entered.

■ However, the court is of the opinion that no basis has been established requiring it to grant the motion with respect to specific acts by which the defendant is alleged to have aided and abetted the principal. It is sufficient to say that the particulars the defendant seeks in that respect go far beyond anything to which he is entitled. He seeks evidential matter which in a large measure would require the government to submit to the defendant in advance of trial the proof of his acts, conduct and declarations upon which it would necessarily have to rely to establish a case against him. This is not the purpose or function of a bill of particulars. Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Straitiff, D.C.W.D.Pa.1953, 14 F.R.D. 337; United States v. Mesarosh, D.C.W.D.Pa.1952, 13 F.R.D. 180. Moreover, we think that if the defendant is implicated at all, he knows what he did or did not do and said or did not say; at any rate he has an equal if not better opportunity to obtain such information than has the government.[2] See United States v. Brennan, D.C.D.Minn.1955, 134 F.Supp. 42, 53; United States v. Universal Milk Bottle Service, D.C.S.D.Ohio 1949, 85 F.Supp. 622, 631.

---

1. Facts alleged even in a bill of particulars ordinarily are not a part of an information, or a substitute therefor, or an amendment thereto. They neither strengthen nor weaken the information. They cannot change the offense charged. United States v. Comyns, 1919, 248 U.S. 349, 39 S.Ct. 98, 63 L.Ed. 287; Dunlop v. United States, 1897, 165 U.S. 486, 491, 17 S.Ct. 375, 41 L.Ed. 799; 42 C.J.S. Indictments and Informations § 156d, pp. 1101, 1102; see, also, United States v.

Lefkoff, D.C.E.D.Tenn.1953, 113 F.Supp. 551, 554–555.

2. A transcript has been made of the record of the trial of United States v. Stirone, Criminal No. 14871. Rider and defendant were witnesses. From this public record defendant and his counsel may learn the details of the alleged extortion and same would serve to refresh his recollection of the events in which he allegedly participated.