**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**KELSEY–HAYES COMPANY et al.,**
**Defendants-Appellees.**

No. 72–1036.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 17, 1972.

Decided April 3, 1973.

Ralph B. Guy, U. S. Atty., Detroit, Mich., Irwin A. Seibel, Atty., Dept. of Justice, Washington, D.C., for plaintiff-appellant; Walker B. Comegys, Acting Asst. Atty. Gen., Howard E. Shapiro, George Edelstein, Attys., Dept. of Justice, Washington, D. C., on brief.

Victor W. Klein, Detroit, Mich., for plaintiffs-appellees; (Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., on brief for Kelsey-Hayes Co., and Gerald E. Doherty [Robert M. Klein, Reuben M. Waterman, Jr., Detroit, Mich., of counsel]; Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, on brief for Motor Wheel Corp. and Anson D. Grimes [David R. Hyde, Allen S. Joslyn, New York City, of counsel]; Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., on brief for The Budd Co. [Ralph W. Brenner, Sheldon S. Toll, Philadelphia, Pa., of counsel]).

Before PHILLIPS, Chief Judge, and WEICK and KENT, Circuit Judges.

KENT, Circuit Judge.

This appeal relates to a criminal contempt proceeding instituted in the United States District Court for the Eastern District of Michigan on October 20, 1969. An order to show cause was issued by the late Judge Theodore Levin. The contempt proceeding relates to alleged violations of certain provisions of a consent decree entered in an anti-trust case on

July 1, 1955. After the contempt proceeding was instituted pretrial conferences were held by the late Judge Levin, as a result of which the Government was directed to produce documents and to enter into conferences with counsel for the respondents in an effort to define and narrow the issues and to ascertain the claims and theories of the Government for the purpose of apprising the respondents of the claims against them and expediting the proceedings upon trial of the contempt action.

For a period of months Judge Levin complained about the reluctance of the Government to comply with his directions and orders relating to discovery and as to the narrowing of issues and definition of the Government's claims. After much preliminary skirmishing the respondents filed a motion to dismiss the proceedings. In the motion the respondents' allegations were that "(1) The statement of the claims and the admissions and definitions of issues made by the Government * * * are such that said petition and claims fail to state or constitute a cause of action of criminal contempt * * *. (2) The statement of the claims and the admissions and definitions of issues * * * clearly show that there is a lack of probable cause * * *. (3) The petition, as construed by admissions and definitions of issues * * * is * * * equally consistent with innocence as with guilt * *. (4) The exercise of appropriate judicial discretion, authority and power * * * should impel the Court at this time to dismiss this action of alleged criminal contempt * * *."

After considering the briefs and arguments of counsel, the District Judge, who took the case over from the late Judge Levin, dismissed the proceedings after rendering a lengthy opinion reciting the theories of the parties, the concessions of the Government, and an analysis of the facts as the trial court considered them to be demonstrated by the pretrial proceedings, and concluded:

"[I]t is manifest to the Court as a matter of law that there was no wilful contumacious violation of the Consent Decree by respondents and that, at all events, there is a lack of probable cause or that further prosecution will not serve the public interest and is unnecessary to safeguard or preserve the 'authority or dignity of the Court' or its orders."

■ At the time this case was argued this Court was of the opinion that the order dismissing the action, from which this appeal was taken, was an appealable order within the meaning of the Criminal Appeals Act, 18 U.S.C. § 3731, prior to its amendment by Public Law 91–644. Clearly, a criminal contempt action is a criminal case within the meaning of the Act. United States v. Sanders, 196 F.2d 895, 897 (10th Cir. 1952), cert. denied 344 U.S. 829, 73 S.Ct. 33, 97 L.Ed. 645 (1952).

"An application to show cause why defendant should not be prosecuted for criminal contempt is equivalent to an information charging criminal contempt, under Rule 42(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. and a criminal contempt proceeding is a criminal case within the meaning of 18 U.S.C. § 3731. An order dismissing a criminal contempt proceeding is appealable under the Criminal Appeals Act."

Even more persuasive is the language of the Supreme Court in Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968):

"Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both. In the words of Mr. Justice Holmes:

'These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech.' Gompers v. United States, 233 U.S. 604, 610 [34 S.Ct. 693, 695, 58 L.Ed. 1115] (1914).

"Criminally contemptuous conduct may violate other provisions of the criminal law; but even when this is not the case convictions for criminal contempt are indistinguishable from ordinary criminal convictions, for their impact on the individual defendant is the same. Indeed, the role of criminal contempt and that of many ordinary criminal laws seem identical—protection of the institutions of our government and enforcement of their mandates." (footnote omitted).

See also United States v. Goldman, 277 U.S. 229, 235, 236, 48 S.Ct. 486, 72 L.Ed. 862 (1928); Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797 (1911); United States v. Peterson, 456 F.2d 1135, 1139 (10th Cir. 1972).

A motion to dismiss is in effect a demurrer to the indictment, the information or in this case the petition. It has long been the law that matters outside the indictment are not to be considered on a demurrer. Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799 (1897); United States v. Comyns, 248 U.S. 349, 39 S.Ct. 98, 63 L.Ed. 287 (1919). Some erosion of this rule may be found in United States v. Fruehauf, 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961), and see also United States v. Apex Distributing Co., 270 F.2d 747 (9th Cir. 1959), noted with approval in United States v. Sisson, 399 U.S. 267, 293 n. 22, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970).

We consider, however, that the issue has been put to rest in United States v. Brewster, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972). In the opinion of the Court, speaking through Mr. Chief Justice Burger, we find the following at page 506, 92 S.Ct. at page 2534:

"Under United States v. Sisson, 399 U.S. 267 [90 S.Ct. 2117, 26 L.Ed.2d 608] (1970), an appeal does not lie from a decision that rests, not upon the sufficiency of the indictment alone, but upon extraneous facts. If an in-

dictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available. See United States v. Findley, 439 F.2d 970 (CA1 1971)."

Clearly, the District Judge in the instant case relied upon matters outside the petition for an order to show cause and the order pursuant thereto. There can be no doubt that the District Judge relied upon the statement of the claims, the admissions and definitions of issues elicited from the Government during the course of the discovery proceedings.

For the reasons herein stated and on authority of *Brewster* we conclude that the order in question is not an appealable order. The appeal will be dismissed.