## KRAUSE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 23, 1920.)

No. 5479.

1. **Indictment and information** ⬅121(5)—**Bill of particulars not part of charge.**

A bill of particulars is not a part of an indictment or information.

2. **Indictment and information** ⬅111(1)—**Need not negative exception.**

An information charging use of free interstate railroad transportation, contrary to Act Feb. 4, 1887, § 1, as amended by Act June 29, 1906, § 1 (Comp. St. § 8563), need not negative the exception of the "necessary caretakers of live stock."

In Error to the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Fred Krause, Jr., was convicted of using interstate free transportation, and he brings error. Affirmed.

G. F. Dullam and C. L. Young, both of Bismarck, N. D., for plaintiff in error.

Melvin A. Hildreth, U. S. Atty., and John Carmody, Asst. U. S. Atty., both of Fargo, N. D.

Before HOOK and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. Krause, the plaintiff in error, was convicted and sentenced for using interstate free railroad transportation contrary to the act to regulate commerce, approved February 4, 1887, as amended by the Act of June 29, 1906 (34 Stat. 584, § 1 [Comp. St. § 8563]).

[1] He contends that the information against him, as supplemented by a bill of particulars, does not charge a public offense under the statute. A bill of particulars is not a part of an indictment or information. Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799. It is sufficient if the latter adequately charges an offense against the laws.

Briefly summarized, the information in this case sets forth that the accused, by representing to the Northern Pacific Railroad Company that he was the owner of a certain carload of stock about to be shipped from Hazen, N. D., to South St. Paul, Minn., entered into a live stock shipping contract with the company, and that by means of it he ob-

tained for himself as owner and shipper free transportation for the round trip between the places mentioned; that the stock was shipped, and the accused willfully, knowingly, and unlawfully, made the round trip journey on the tickets so obtained; that in fact the carload of stock did not belong to the accused, but to another person, who was named.

[2] The argument against the sufficiency of the information proceeds in this way: The statute prohibiting free transportation excepts "necessary caretakers of live stock"; the exception so inheres in the statutory definition of the offense that it should have been negatived; and there is nothing in the information to show that, aside from the matter of ownership, the accused was not a necessary caretaker of the animals in the car. There are other contentions, but they depend upon the soundness of the above.

The broad prohibition of the statute is against the giving and using of any interstate free ticket, free pass or free transportation, directly or indirectly. The exceptions, of which there are many in favor of various classes of persons, are not inherently a part of the statutory definition of the offense. They are exceptions to the general prohibition, as their designation naturally signifies, and whether a person is or is not within them is largely within his own peculiar knowledge. It appears from the information that the accused obtained and used the interstate transportation of himself as a passenger by falsely representing himself as the owner of the carload of live stock. It was no more necessary to allege that he was not in some other sense a caretaker than it was specifically to negative his membership in each and all of the other excepted classes. On the face of the information the transportation was free transportation unlawfully used in the sense of the statute.

The sentence is affirmed.