**UNITED STATES of America,**

v.

**NATIONAL DAIRY PRODUCTS CORPORATION and Raymond J. Wise.**

**No. 20542.**

United States District Court
W. D. Missouri, W. D.
June 14, 1961.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., Earl A. Jinkinson, Atty., Dept. of Justice, Chicago, Ill., for plaintiff.

Martin J. Purcell, Kansas City, Mo., Richard W. McLaren, John T. Chadwell, Chicago, Ill., John Lashly, St. Louis, Mo., for defendants.

R. JASPER SMITH, District Judge.

Several motions filed by defendants are pending for ruling.

## I

Defendant Wise has renewed his motion to dismiss Counts 11 and 12 (Section 1, Sherman Act Counts) of the indictment. This motion was submitted earlier and was overruled on March 6, 1961. Leave was given at that time to refile the motion after the Government had filed its bill of particulars.

In the motion defendant contends that he cannot be properly indicted under Section 1 of the Sherman Act, Section 1, Title 15 U.S.C.A., for acts done on behalf of and as a representative of his corporate employer National Dairy Products Corporation, when the acts are alleged to constitute a violation of Section 1 by the corporation. Defendant contends that in such circumstances, he must be indicted under Section 14 of the Clayton Act, Section 24, Title 15 U.S.C.A.

The motion tenders a complicated question as to criminal liability and responsibility of a corporate officer under the statutory framework of the anti-trust laws. Under cases cited by the parties, it is apparent that much doubt and uncertainty existed prior to the enactment of Section 14 of the Clayton Act. See, for example, United States v. MacAndrews & Forbes Co., C.C.S.D.N.Y.1906, 149 F. 823; Union Pacific Coal Co. v. United States, 8 Cir., 1909, 173 F. 737; United States v. Swift, D.C.N.D.Ill.1911, 188 F. 92; Nash v. United States, 1913, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913).

Since enactment of Section 14, several cases have involved that section, but in none of them have the courts been faced squarely with the issue presented here, namely, whether the Sherman Act or Section 14 of the Clayton Act governs the prosecution of a corporate officer, charged

under the anti-trust laws solely because he authorized, ordered or did acts constituting a corporate violation. A number of cases since 1914, the date of enactment of Section 14 of the Clayton Act, have recognized the applicability of that statute where individual defendants as officers having active management, direction and control of the corporation, have been indicted. See United States v. Atlantic Commission Company, D.C.E.D.N.C.1942, 45 F.Supp. 187; United States v. General Motors Corporation, D.C.N.D. Ind.1939, 26 F.Supp. 353. See also Hartford Empire Company v. United States, 1945, 323 U.S. 386, 65 S.Ct. 373, 89 L.Ed. 322. In those cases the problem was not, as here, highlighted by the fact that in 1955, Congress raised the fine provided by Section 1 of the Sherman Act while not disturbing the fine provided by Section 14 of the Clayton Act.

Here we have a situation where the principal and an employee are both charged with violation of Section 1 of the Sherman Act. Nothing in the indictment specifically alleged that defendant Wise was acting in an individual capacity, and the broad inference of the indictment was that he acted solely within the scope of Section 14 of the Clayton Act. In that posture a bill of particulars was ordered, and in the bill it was stated that, " * * * the defendant Wise, in actively and directly engaging in the alleged offenses, is alleged to have been acting solely in his capacity as an officer, director, or agent who authorized, ordered, or did some of the acts constituting in whole or in part the violations alleged also to have been committed by National Dairy Products Corporation of which he was an officer, director, or agent."

■■ While it is undoubtedly true that a bill of particulars does not occupy the status of an amendment to an indictment, it may be considered in determining ambiguous language; and under those circumstances it seems perfectly clear that the sole issue presented now is whether or not an individual, charged solely in his representative capacity and not in any degree on an individual basis for his own personal account, may be charged with a violation of Section 1 of the Sherman Act.

■ It is my view that he cannot. There can be no question but that confusion and uncertainty existed prior to 1914 when Section 14 was enacted. Equally, there can be no question but that Congress in enacting Section 14, the "personal guilt" provision, intended to eliminate that uncertainty and confusion. It is clear that since 1914 it constituted no problem until the amendment to the punishment section for Section 1; and the fact that no challenge has been made of the question during that time is of little significance. Under clear Congressional interpretations, the Sherman Act governs the prosecution and punishment of principals, i. e., corporations and individuals acting on their own behalf, while Section 14 of the Clayton Act covers the prosecution and punishment of individuals who, as corporate officials, took part in the corporate violation. This interpretation is supported by the wording and legislative history of Section 14, and is in accord with the fundamental principle that courts are bound to give effect to the various sections of legislation and should avoid a construction which would render a statute a nullity. Any other interpretation would leave Section 14 without content or force.

The motion of defendant Wise to dismiss Counts 11 and 12 as to him is sustained. Counsel for the Government will prepare appropriate order of dismissal within 15 days.

### II

In view of the ruling on the motion to dismiss, the alternative motion of defendant Wise for severance and separate trial of Counts 11 and 12 is overruled. For the same reason, the alternative motion of defendant Wise joining in certain additional motions of defendant National is overruled.

### III

Defendant National has moved for an order directing compliance with the Court's order of March 17, 1961, requir-

ing particulars. As it relates to the particulars set forth in Part II, 1(b) and 3(d), the motion is overruled. As it relates to Part II, 2 and 3(a), it is my view that the Government has not complied with the order of March 17, 1961, requiring particulars, and the motion is therefore sustained, and the Government is directed to file supplemental particulars within 30 days.

As it relates to Part III, 3(b), the Government has conceded that through inadvertence a portion of the material required was omitted. To the extent of the omitted portion, the motion is therefore sustained as to this part, but as to all other portions of 3(b) of Part III, the motion is overruled.

## IV

■ Defendant National has moved for entry of a pre-trial order with a proposed form of order. This motion is premature and is overruled. At an appropriate time this case will be scheduled for a pre-trial conference and at that time an order will be formulated controlling the issues and the manner of presentation of each party's case.

## V

■ Defendant National has moved for an order directing issuance of subpoena duces tecum to certain third parties to be returnable in advance of trial. These motions are sustained and the Clerk is directed at such time as is requested by defendant to issue the subpoenas duces tecum to the parties named in the motion and supplemental motion filed by defendant, to be returnable 15 days in advance of trial in accordance with the motions.

## VI

■ Defendant National has moved, purportedly under Rule 17(c), 18 U.S. C.A., for the production of certain documents not obtained by the Government by process but which were presented to the grand jury or which are to be offered in evidence upon the trial.

This motion is overruled. Undoubtedly this goes beyond the scope of permissible discovery in criminal cases. Under certain sharply restricted circumstances, in the interests of justice, it is sometimes necessary to disclose evidence that has been presented to a grand jury but no good cause is shown here.

It is so ordered.