**UNITED STATES of America**

v.

**A. P. WOODSON COMPANY, District Building Supply Company, Eckington Building Supply Company, Hudson Supply & Equipment Company, Potomac Builders Supply Company, R. Robinson, Inc., the Cushwa Brick and Building Supply Company, the United Clay Products Company, Nelson Woodson, Joseph Hill, Warren S. Gruber, Joseph H. Deckman, Jack A. Richardson and John Cissel.**

Cr. No. 375-61.

United States District Court
District of Columbia.

Sept. 21, 1961.

See also D.C., 198 F.Supp. 586.

Wilford L. Whitley, Jr., Bruce L. Montgomery, Dept. of Justice, Washington, D. C., for plaintiff.

John J. Wilson, Paul Interdonato, Richard T. Conway, Lawrence J. Latto, William Dempsey, Francis M. Shea, George P. Lamb, Carrington Shields, E. T. Simpson, Francis J. Kelly, Richard Nicolaides, Washington, D. C., for defendants.

McLAUGHLIN, District Judge.

The individual defendants move to dismiss the indictment returned against them under Section 3 of the Sherman Act, 15 U.S.C.A. § 3, and ground their motion on the premise that the Sherman Act applies to corporate officials acting in their individual capacities, whereas the acts with which the defendants are charged are, as admitted by the Government, acts of the defendants as corporate officials performed in their representative capacities, which acts are covered exclusively by Section 14 of the Clayton Act, 15 U.S.C.A. § 24.

The Government contends that both prior to and subsequent to 1914, the date of the enactment of Section 14, corporate officials acting in their corporate capacities have been subjected to criminal prosecutions under the Sherman Act. The cases subsequent to 1914, the Government further contends, are consonant with the proposition that when Congress enacted Section 14 it did not intend that Section 14 should relieve corporate officials of their responsibility under the Sherman Act. The Government further contends that an indictment under Section 3 of the Sherman Act rather than

under Section 14 of the Clayton Act would not render invalid the indictment even if the Court were to adopt the contention of the defendants, for the reason that, assuming arguendo that the individual defendants could not be indicted under Section 3, the indictment would not be subject to dismissal because the defendants would have suffered no prejudice from the absence of any reference to Section 14.

After examination of the authorities cited in the extensive briefs filed by counsel and discussed in their oral arguments in support of this motion and in opposition thereto the Court concludes that the sole case directly in point upon the issues raised by this motion is United States v. National Dairy Products Corp., D.C.W.D.Mo.1961, 196 F.Supp. 155, a recent opinion by Judge Smith. While the Court realizes that it may appear to be an oversimplification to cite, quote and rule upon one opinion in deciding a legal question which has been extensively briefed and argued by learned and thorough counsel on both sides, the Court in the matter of the motion at bar has concluded that such reliance on a single opinion is justified here. With the exception of two additional points raised by the Government which will be discussed later in this opinion the issues in the instant case, as stated, are identical with those in National Dairy Products in relation to the motion under consideration. The essential facts are similar in both cases and the authorities relied upon in National Dairy are the same ones cited and discussed by counsel in connection with this motion. Under these circumstances the Court feels justified in quoting the salient part of the Court's ruling in National Dairy, as follows:

"\* \* \* it seems perfectly clear that the sole issue presented now is whether or not an individual, charged solely in his respresentative capacity and not in any degree on an individual basis for his own personal account, may be charged with a violation of Section 1 of the Sherman Act.

"It is my view that he cannot. There can be no question but that confusion and uncertainty existed prior to 1914 when Section 14 was enacted. Equally, there can be no question but that Congress in enacting Section 14, the 'personal guilt' provision, intended to eliminate that uncertainty and confusion. It is clear that since 1914 it constituted no problem until the amendment to the punishment section for Section 1; and the fact that no challenge has been made of the question during that time is of little significance. Under clear Congressional interpretations, the Sherman Act governs the prosecution and punishment of principals, i. e., corporations and individuals acting on their own behalf, while Section 14 of the Clayton Act covers the prosecution and punishment of individuals who, as corporate officials, took part in the corporate violation. This interpretation is supported by the wording and legislative history of Section 14, and is in accord with the fundamental principle that courts are bound to give effect to the various sections of legislation and should avoid a construction which would render a statute a nullity. Any other interpretation would leave Section 14 without content or force." supra 196 F. Supp. at page 157.

The Court agrees with the above quoted opinion.

The Court is also of the opinion that courts in their enforcement of anti-trust legislation, prior to passage of Section 14, did not, as the Government contends, "make it clear that individual defendants could not escape anti-trust liability under the Sherman Act on the ground that they were acting on behalf of corporate entities when they engaged in the prohibited conduct." Memorandum in Opposition, pg. 3. A careful reading of some of the cases relied on by the Government in making this contention re-

veals that the defendants described in the indictments as officers of corporations were actually indicted as corporate officers acting in their individual capacity and not as corporate officers acting in their representative capacity. United States v. Patterson, D.C.S.D.Ohio 1912, 201 F. 697, 700; United States v. Winslow, D.C.D.Mass.1912, 195 F. 578, 581. In neither of these cases was a corporation included as a defendant. Other cases cited by the Government appear to substantiate their contention. United States v. MacAndrews & Forbes Co., C.C. S.D.N.Y.1906, 149 F. 823, 832. Quite obviously confusion and uncertainty concerning this point existed prior to 1914. As Judge Smith noted in National Dairy one of the purposes of Section 14 was to eliminate this confusion and uncertainty by making Section 14 the exclusive remedy against corporate officials acting in their representative capacities.

The Government in its argument raised two points which were not presented in National Dairy. The first concerns the claim that Section 14 was intended to supplement the Sherman Act by "facilitating the punishment of top eschelon corporate officials who did not participate in anti-trust violations to an extent sufficient to be a conspirator under the Sherman Act." Memorandum in Opposition, pg. 7. The Government contends that the Sherman Act makes no distinction between corporate officials who are acting in their corporate capacities and those acting solely in furtherance of their individual interests. Its argument is to the effect that Section 14 sought to reach those persons whose acts standing alone might be absolutely innocent, but which contributed in whole or part to the violation by the corporation. The distinction the Government appears to be advocating is that the Sherman Act applies to officers acting in their corporate capacities who actually perform acts constituting a violation of the law while Section 14 of the Clayton Act is applicable only to those officers acting in their corporate capacities who, although authorizing and directing such acts, cannot be reached under

the Sherman Act because such acts are too remote.

■ As to the above contention of the Government the Court is of the opinion that the legislative history of the Sherman Act clearly reveals that Congress intended it to apply exclusively to corporate trusts and individuals acting in their individual capacities. The Court is also of the opinion that Section 14 of the Clayton Act was intended to be the exclusive remedy against corporate officials acting in their corporate capacities and not, as contended by the Government, a mere supplement to an existing remedy under the Sherman Act. The Government in the portion of its argument on this point devoted to legislative intent strongly relied on statements by Representative Floyd with respect to Section 14. As counsel for the defendants have pointed out Representative Floyd in commenting on said Section stated: "The purpose of this section is to enable the Government, when it has convicted the corporation, to reach those responsible officers who have been proven in the trial to be guilty of a violation of the law by presentment of an indictment and trial. It authorizes their conviction not only for acts done but for acts authorized or ordered to be done." 51 Cong.Rec. 9679.

Senator Culberson, Chairman of the Senate Judiciary Committee in charge of the bill, expressed an opinion in agreement with the defendant's contention when he stated that the Sherman Act "provides the penalty where the corporation acts, and it is against the corporation. This provision penalizes the individuals who act for the corporation and is, as has been very often termed the personal-guilt portion of the bill." 51 Cong. Rec. 14324. A reading of the Senate Report on the 1955 amendment to the Sherman Act further substantiates the Court's holding in that this report indicates that the legislators were of the opinion that Section 3 applied to corporations and not individuals acting in their corporate capacities. Senate Rep. No. 618, 21 June, 1955.

In reaching the above conclusion on the question of legislative intent the Court considered all the materials submitted on the issue and took into account all the references cited by the parties. The portions of the statements by Representative Floyd and Senator Culberson are pointed out to illustrate that the Court cannot interpret the remarks of Representative Floyd urged upon the Court by the Government in support of its position, in its briefs and in its oral argument, as wholly and clearly dispositive of the issues in the manner contended for by the Government. Nor is the Court persuaded otherwise by the memorandum submitted by the Government following the oral argument, setting forth comments by members of Congress made at the time of the discussion of the question as to whether the Clayton Act should be amended to increase the penal provision. The Court is unable to discern any helpful enlightenment on the instant issue from the comments by members of Congress quoted in the memorandum.

In arriving at the conclusion that the Government's exclusive remedy against the individual defendants is Section 14 of the Clayton Act the Court was also guided by a few well settled principles of statutory construction. The first of these is that often the words of a statute are sufficient in themselves to determine the legislative purpose. United States v. American Trucking Ass'n, 1939, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345. In determining the legislative intent, whether the statute be penal or otherwise, "if the language is clear it is conclusive." Osaka Shosen Kaisha Line v. United States, 1936, 300 U.S. 98, 101, 57 S.Ct. 356, 358, 81 L.Ed. 532. Section 14 clearly states that it pertains to "the individual directors, officers * * * of such corporation who shall have authorized, ordered, or done * * * acts constituting in whole or in part" a violation by a corporation of any of the penal provisions of the anti-trust laws. These words, are used by the Government in the indictment. The words of Section 14 appear to the Court to be clear and unambiguous and, as a result, in the Court's opinion, the case at hand comes within the above stated rule.

The only reference Section 3 makes to individuals is that "every person who shall make any such contract or engage in any such combination or conspiracy" shall be subjected to the punishment set out in the statute. Person, aside from referring to corporations, could include individuals acting in their corporate capacities or individuals acting in their individual capacities or both. However, if the Court were to give the most comprehensive meaning (e. g. hold the word "person" in Section 3 to apply to individuals acting in their corporate capacities) it would violate another well settled principle of statutory construction; to wit: courts should avoid a construction that would render a statute ineffective and nugatory. Bird v. United States, 1902, 187 U.S. 118, 124, 23 S.Ct. 42, 47 L.Ed. 100. In construing a statute "if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant." Washington Market Co., v. Hoffman, 1884, 101 U.S. 112, 115, 25 L.Ed. 782. The Court is persuaded that to apply the word "person" as used in Section 3 to individuals acting in their corporate capacities would have the effect of nullifying Section 14. In this connection it is to be noted that the indictment as to the individual defendants is in the words of Section 14 of the Clayton Act and that nowhere are words of this nature found in Section 3 of the Sherman Act.

The second point raised by the Government in the instant situation which was not presented in National Dairy is that even if the individual defendants can only be indicted under Section 14 the indictment should not be dismissed because the defendants have suffered no prejudice from the absence of any reference to Section 14. This contention will be considered in light of the Court's ruling that the remedies against a corporation and the remedies against a corporate official acting in his corporate capacity are mutually exclusive.

The basis of the Government's second contention is twofold; namely, 1. " * * a miscitation of the statute under which the indictment properly falls is not grounds for dismissing the indictment in the absence of prejudice to the defendants' rights." Memorandum in Opposition, pg. 18. 2. The defendants can sustain no prejudice until they have requested and been refused an instruction under Section 14 which is more favorable to· them than the Section 3 instruction proposed by the Government. In the Court's judgment both of the above contentions are without merit.

This is not a mere miscitation of a statute but one involving a one count conspiracy indictment which, the Government contends, is sufficient as to the two groups of defendants in this case, namely the corporations and the corporate officials acting in their representative capacities, who are liable under two mutually exclusive statutes, namely, Section 3 of the Sherman Act and Section 14 of the Clayton Act respectively.

■ The Court is of the opinion that this contention of the Government involves the application of Fed.R.Crim.P. rule, 8(a), 18 U.S.C.A., and not Rule 7(c) as the Government argues since the indictment would include two offenses in the same count in violation of the rule against such inclusion. Frankfort Distilleries v. United States, 10 Cir., 1944, 144 F.2d 824, reversed on other grounds, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564. This Court has held that such an indictment is duplicitous and that it becomes subject to a motion to dismiss. United States v. Bachman, D.C.D.C.1958, 164 F.Supp. 898, 900. The Court concludes that to adhere to the Government's contention concerning lack of prejudice with respect to the miscitation of a statute would demand a ruling sustaining a duplicitous indictment in that it would allow the Government in one count to charge the commission of two separate offenses. ·Since the Court has held that the indictment is duplicitous it is unnecessary to consider the contention that the defendants can sustain no prejudice until they have requested and been refused an instruction under Section 14 which is more favorable than the Section 3 instruction proposed by the Government.

It is the judgment of the Court that the indictment in so far as it relates to the individual defendants should be dismissed on the ground that it does not, as to the individual defendants, state an offense under Section 3 of the Sherman Act.

Counsel for the defendants will submit an appropriate order in conformity with the Court's ruling.