UNITED STATES of America

v.

**NORTH AMERICAN VAN LINES, INC., Aero Mayflower Transit Company, Inc., Allied Van Lines, Inc., United Van Lines, Inc., James D. Edgett, Paul Clarke, John Sloan Smith, Emmett J. Flavin, Loren A. Larimore, Household Goods Carriers' Bureau.**

Crim. No. 527–61.

United States District Court
District of Columbia.

Jan. 29, 1962.

Margaret H. Brass, Willard R. Memler, Joseph V. Gallagher and Robert S. Burk, Dept. of Justice, Washington, D. C., for U. S.

Edgar T. Bellinger, Washington, D. C., and George M. Rebman, St. Louis, Mo., for defendant North American Van Lines, Inc.

Hugh B. Cox, Washington, D. C., for defendant Aero Mayflower Transit Co., Inc.

Francis M. Shea, Richard T. Conway and William H. Dempsey, Jr., Washington, D. C., for defendant Allied Van Lines, Inc.

Edgar T. Bellinger, Washington, D. C., and George M. Rebman, St. Louis, Mo., for defendants United Van Lines, Inc., and for James D. Edgett and Paul Clarke.

Richard A. Bishop, Washington, D. C., also, for defendants James D. Edgett and Paul Clarke.

Hugh B. Cox and Edward G. Villalon, Washington, D. C., and James L. Beattey, Indianapolis, Ind., for defendant John Sloan Smith.

Francis M. Shea, Richard T. Conway and William H. Dempsey, Jr., Washington, D. C., for defendant Emmett J. Flavin.

Edgar T. Bellinger, Richard A. Bishop, Washington, D. C., and George M. Rebman, St. Louis, Mo., for defendant Loren A. Larimore.

Edgar T. Bellinger, Washington, D. C., for defendant Household Goods Carriers' Bureau.

MATTHEWS, District Judge.

The two count indictment in this case charges four corporations, five of their officers and a trade association with violating Sections 1 and 3 of the Sherman Act, 15 U.S.C.A. §§ 1 and 3.[1] In general the charge in each count is that the defendants engaged in a combination and conspiracy in unreasonable restraint of trade and commerce in the transportation of household goods. Count 1 relates to trade and commerce specified in Section 1 of the Sherman Act while Count 2 relates to trade and commerce specified in Section 3 of that Act.

Now before the court is a motion by the individual defendants to dismiss the indictment as to them. In support of their motion they assert that the indictment does not allege any acts done by them other than as representatives of

---

1. These sections provide in pertinent part:
   "Every contract, combination * * * or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal: * * * Every person who shall make any contract or engage in any combination or conspiracy declared by sections 1–7 of this title to be illegal shall be deemed guilty of a misdemeanor * * *." (Section 1.)
   "Every contract, combination * * * or conspiracy, in restraint of trade or commerce in any Territory of the United States or of the District of Columbia, or in restraint of trade or commerce between any such Territory and another, or between any such Territory or Territories and any State or States or the District of Columbia, or with foreign nations, or between the District of Columbia and any State or States or foreign nations, is declared illegal. Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor * * *." (Section 3.)

their corporations in their capacity as corporate officers, and that acts authorized, ordered or done by officers of corporations in such capacity cannot constitute offenses by such corporate officers under Sections 1 and 3 of the Sherman Act but are covered only under Section 14 of the Clayton Act, 15 U.S.C.A. § 24, which provides:

> "Whenever a corporation shall violate any of the penal provisions of the antitrust laws, such violation shall be deemed to be also that of the individual directors, officers, or agents of such corporation who shall have authorized, ordered, or done any of the acts constituting in whole or in part such violation, and such violation shall be deemed a misdemeanor * * *."

Upon turning to the penalties prescribed under the mentioned provisions of the Sherman and Clayton Acts the significance of the issue here raised is manifest. Originally these penalties were identical, being a fine not exceeding $5,000 or imprisonment not exceeding one year, or both. However, in 1955 Congress changed Sections 1 and 3 of the Sherman Act by fixing the fine at not exceeding $50,000 [2] but left untouched the fine of not exceeding $5,000 under Section 14 of the Clayton Act.

Opposing the motion of the individual defendants to dismiss, the Government maintains that these defendants are charged in a dual capacity, that is, as representatives of their corporation in their corporate capacity and also as individuals in a personal capacity. The portion of the indictment labeled *Offense Charged* in respect of each count does not allege any capacity in which the individuals acted. Among introductory allegations in the indictment labeled *The Defendants* there appears a statement that each individual defendant is or has been an employee or officer of a specified corporate defendant and also a statement that acts charged in the indictment "to have been done by each defendant corporation were authorized, ordered or done by the officers, agents, employees or representatives of such defendants, including, but not limited to, those individuals named as defendants * * *, while actively engaged in the management, direction or control of its affairs." Although the quoted language may show that the individual defendants are being charged, at least in part, in their representative capacity, it cannot be said to limit the charges against them to acts so performed. But apparently it is this language upon which the individual defendants ground their claim that they have been charged only in their capacity as corporate officers.

It is suggested by the individual defendants that if the court cannot determine from the face of the indictment that they are charged only in their capacity as corporate officers then the court should order the United States to furnish a bill of particulars stating whether any of them is claimed to have authorized, ordered or done any of the acts alleged other than in his capacity as a corporate officer, and, if so, stating with particularity each such act and the capacity in which he is claimed so to have acted. Bills of particulars and statements of the parties, however, should not be considered as a part of the indictment or as a substitute therefor or amendment thereto, and can neither weaken the indictment nor change the crime charged.[3] And in passing upon a motion to dismiss, the allegations of the indictment must be accepted by the court as written.[4]

Without qualification the indictment here charges each of the defendants

2. Chapter 281, 69 Stat. 282.

3. United States v. Comyns, 1919, 248 U.S. 349, 39 S.Ct. 98, 63 L.Ed. 287; Krause v. United States, 8th Cir., 1920, 267 F. 183; United States v. Dierker, D.C.Pa., 1958, 164 F.Supp. 304; United States v. Pennell, D.C.Cal., 1956, 144 F.Supp. 320; United States v. Lefkoff, D.C.Tenn., 1953, 113 F.Supp. 551; United States v. Johnson, D.C.Del., 1944, 53 F.Supp. 167.

4. United States v. Lattimore, D.C.D.C., 1955, 127 F.Supp. 405, affirmed 98 U.S. App.D.C. 77, 232 F.2d 334.

with engaging in a combination and conspiracy in violation of Sections 1 and 3 of the Sherman Act. It is not drawn so as to limit the charges against these defendants to acts committed solely in their capacity as corporate officers, and for purposes of this motion the court accepts the indictment as written.

As already stated, the defendants here argue that Section 14 of the Clayton Act affords the Government its sole statutory basis for prosecuting them. Section 1 and Section 3 of the Sherman Act each describes those coming within its provisions as "Every person" doing the proscribed acts while Section 14 of the Clayton Act deals specifically with individual corporate officers by declaring that whenever a corporation shall violate any of the penal provisions of the antitrust laws, such violations shall be deemed to be also that of the individual officers, directors or agents of such corporation who shall have authorized, ordered or done any of the acts constituting in whole or in part such violation. In effect the argument of the defendants is that if corporate officers acting in their representative capacity ever were within Sections 1 and 3 of the Sherman Act then they were lifted out of these sections when Section 14 of the Clayton Act was adopted.

But Section 14 of the Clayton Act must be viewed in the light of its purpose and setting. "The Clayton Act, as its title and the history of its enactment discloses, was intended to supplement the purpose and effect of other antitrust legislation, principally the Sherman Act of 1890." Standard Fashion Co. v. Magrane-Houston Co., 1921, 258 U.S. 346, 355, 42 S.Ct. 360, 362, 66 L.Ed. 653.[5] Section 14 supplemented the existing laws by providing a specific statute under which a corporate officer, agent, or director could be held personally liable for contributing to a violation of an antitrust penal provision by his corporation even though his contribution, standing alone, might not be such a violation.[6] The legislative history of the Clayton Act makes it abundantly clear, however, that Congress did not intend by this section to supplant the penal provisions of the Sherman Act, or to relieve from liability any violators of such provisions. Representative Floyd, a member of the Judiciary Committee and floor leader in charge of Section 14, pointed this out in the debate on that section, saying:

"* * * I will say this: That this in no way affects the procedure under existing law, either criminal or civil. *If an individual is guilty of violating the Sherman law, he can be indicted independently of this provision*; * * *" (Emphasis supplied.) 51 Cong.Rec. 9679.

In explaining the conference report on the proposed Clayton Act to the House of Representatives Mr. Floyd further stated:

"*Keep in mind that we have not disturbed the text of the Sherman law. We have not disturbed the penal provisions in the existing antitrust laws, including the Sherman law. We have on the contrary, sup-*

---

5. The Clayton Act is entitled "An Act To *supplement existing laws* against unlawful restraints and monopolies, and for other purposes." (Emphasis supplied.) 38 Stat. 730.

6. One type of situation which Section 14 was designed to meet is described in United States v. Atlantic Commission Co., D.C.N.C., 1942, 45 F.Supp. 187, 194 as follows:

"Under Section 1 of the Sherman Act, a combination may be charged with entering into contracts to unlawfully restrain trade, apart from the offense of conspiracy. In some of the earlier cases

under the antitrust law, individual defendants sought to escape the application of the law on the ground that it was the corporate defendant that had entered into unlawful contracts and that its officers and agents could not be held unless they were shown to have participated in a conspiracy."

Similarly, if a corporate officer were charged with monopolizing under Section 2 of the Sherman Act, 15 U.S.C.A. § 2, he might claim that only the corporation could be guilty of monopolizing and that he could not be held unless it were shown that he had engaged in a conspiracy to monopolize.

*plemented the penal provisions of the Sherman law and of other existing antitrust laws."* (Emphasis supplied.) 51 Cong.Rec. 16317.

Thereafter in debate Representative Floyd also said of Section 14:

"It * * * goes further than the courts have ever gone in convicting officers, directors, or agents for violation of the Sherman law. It provides that whenever a corporation shall be guilty of violating the penal provisions of the antitrust laws, the offense shall be deemed also the offense of the individual directors, officers, or agents of the corporation who have directed, ordered, or done, in whole or in part, any of the things that constitute a part of that violation. Is not that broader than the original law? *In other words, under the Sherman law as it is now written you can convict an officer for violation of its provisions, but his acts must constitute the whole offense, or he must be a conspirator, and come within the rules of law governing conspiracies, but under this provision if he does any of the acts which constitute in whole or in part that violation, then he may be convicted* as an individual." (Emphasis supplied.) 51 Cong.Rec. 16320.

Senator Chilton, a member of the Senate Judiciary Committee which worked on the proposed law, said during the Senate debate:

"Mr. President, the first and chief proposition that the people laid down to us and that all of us have agreed upon is that we *will not touch a line or a section of the Sherman Antitrust law. It must remain as it is.* We had to consider certain things which have never of themselves been held to be a violation of that law, but which in connection with other things have been held to be a part of

a conspiracy to violate it." (Emphasis supplied.) 51 Cong.Rec. 14327.

Several members of Congress stated in debate that Section 14 was not necessary and that anything this section was intended to accomplish could be done under the Sherman Act. For example, see the remarks of Representative Nelson, 51 Cong.Rec. 9169, Representative Green, 51 Cong.Rec. 9201, and Senator Shields, 51 Cong.Rec. 14214, 14225. The suggestion was made by Representative Volstead that this section would add nothing to the law and was simply being put in "for buncombe" because of speeches and promises made during a political campaign. 51 Cong.Rec. 9079–9080. Opponents of the section expressed fear that it might weaken rather than strengthen the application of criminal penalties to corporate officers. This fear was based on the idea (1) that trial of an officer under Section 14 might require more evidence than under the Sherman Act, since under Section 14 a violation by the corporation as well as the individual defendant would have to be proved, 51 Cong.Rec. 9596, and (2) that this section was not as broad in its coverage as the general aiding and abetting law [7] which previously had been used to convict corporate officers and agents where they had not themselves directly violated the Sherman law but had aided or abetted such a violation. 51 Cong.Rec. 9681. But certainly no reasonable basis can be found in the legislative history for the contention that by Section 14 Congress intended or desired to limit in any way the application of any part of the Sherman Act. To the contrary, this history makes it plain that it was the purpose of Congress to maintain all the penal provisions of the Sherman Act in undiminished force.

Prior to the passage of the Clayton Act it had been held that corporate officers might be charged with conspiracy, as they are in the instant case, in direct violation of the Sherman Act.[8] And

---

7. Now 18 U.S.C.A. § 2.

8. United States v. MacAndrews & Forbes Co., Cir.Ct., N.Y.1906, 149 F. 823; Patterson v. United States, 6th Cir., 1915,

222 F. 599; United States v. Swift, D.C.Ill., 1911, 188 F. 92. See also Nash v. United States, 1913, 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232.

since the passage of the Clayton Act it has also been so held.[9] As was said in United States v. Atlantic Commission Co., D.C.N.C., 1942, 45 F.Supp. 187, 194:

"* * * If the officer or agent is personally charged with participation in the conspiracy there is no necessity for the application of Section 14 of the Clayton Act. It is now well settled that officers and agents may be indicted with their corporation under the Sherman Act * * * Inasmuch as officers and agents may be indicted with their corporation under the Sherman Act * * * and since they are here so indicted there is no necessity for the application of Section 14 of the Clayton Act. The corporate defendants and the individuals named in the indictment are charged with a conspiracy among themselves to restrain trade and commerce * * * The charge in its entirety is under the Sherman Act."

The concept of the individual defendants that Sections 1 and 3 of the Sherman Act apply to individuals acting in their individual capacity but not to corporate officers acting in their corporate capacity is one to which this court cannot subscribe. Under the terms of Sections 1 and 3 of the Sherman Act *every person* who engages in the prohibited combination or conspiracy is included. These sections do not make a distinction between alleged conspirators who were corporate officers acting in a representative capacity on the one hand, and alleged conspirators acting in their individual capacity on the other; nor does the general law on liability of corporate officers support such a distinction. The accepted rule is that officers, directors and agents of a corporation may be held criminally liable for their acts although performed in their official capacity but where they have neither actively participated in nor directed nor authorized a violation of law by their corporation they are not liable. 19 C.J.S. Corporations § 931; Fletcher, Cyclopedia Corporations, Perm. Ed., Vol. 3, Sec. 1348. The antitrust cases decided prior to passage of the Clayton Act do not appear to depart from this general rule. See, for example, the discussion of liability in United States v. Winslow, D. C.Mass., 1912, 195 F. 578, 581. And the legislative history of the Clayton Act discloses no purpose to exempt from prosecution under the Sherman Act persons who have conspired while acting in the capacity of corporate officers.

Section 14 makes it a misdemeanor for an officer to authorize, order, or do anything which contributes in whole or in part to the guilt of his corporation. But aside from the question of whether he has become liable under Section 14, a corporate officer or director may have become liable under Section 1 or 3 of the Sherman Act by engaging in a conspiracy. Of course, if the officer engaged in such a conspiracy while acting within the scope of his authority and in the conduct of the corporation's business then his guilt could be imputed to the corporation, and the corporation as well as the officer could be found guilty under the Sherman Act. And in such situation he would have committed an offense under Section 14 of the Clayton Act as well. But this is not to say that the two offenses are identical. In order for a defendant to be found guilty under Section 14 the Government must prove that the corporation has violated a penal provision of the antitrust laws and that the defendant officer has authorized, ordered, or done something under such circumstances as to have contributed to the corporation's violation. On the other hand, in

9. American Tobacco Co. v. United States, 6th Cir., 1944, 147 F.2d 93, rehearing denied 324 U.S. 891, 65 S.Ct. 1021, 89 L.Ed. 1438, affirmed 328 U.S. 781, 66 S. Ct. 1125, 90 L.Ed. 1575; United States v. General Motors Corp., D.C.Ind., 1939, 26 F.Supp. 353, cert. denied 314 U.S. 618, 62 S.Ct. 105, 86 L.Ed. 497; United States v. Atlantic Commission Co., D.C. N.D., 1942, 45 F.Supp. 187; United States v. National Malleable & Steel Castings Co., D.C.Ohio, 1924, 6 F.2d 40. Meehan v. United States, 6 Cir., 1926, 11 F.2d 847; United States ex rel. Hughes v. Gault, 1926, 271 U.S. 142, 46 S.Ct. 459, 70 L.Ed. 875.

order to find an officer guilty of conspiracy under Section 1 or 3 of the Sherman Act it need only be proved that the alleged conspiracy existed and that the defendant officer participated in an active way in the conspiracy. For purposes of convicting him it need not be proved that he acted under such circumstances as to make his corporation guilty or that his corporation was, in fact, guilty.

According to Ehrlich v. United States, 5th Cir., 1956, 238 F.2d 481, 485:

"It is settled law, United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, that where a single act violates more than one statute, the government may elect to prosecute under either. A defendant cannot complain merely because the charge against him is brought under the statute carrying the more serious penalties when two statutes punish the same general acts. Rosenberg v. United States, 346 U.S. 273, 73 S.Ct. 1152, 97 L.Ed. 1607; United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61; Berra v. United States, 351 U.S. 131, 76 S.Ct. 685 [100 L.Ed. 1013]."

In the Rosenberg case, supra, the claim was made among others that the Atomic Energy Act of 1946 superseded the Espionage Act of 1917 and rendered the District Court powerless to impose the death penalty under the 1917 Act. The following excerpt from the opinion of the court at page 294 of 346 U.S., at page 1163 of 73 S.Ct. relative to the treatment to be accorded two statutes upon the same subject is pertinent here:

"Where Congress by more than one statute proscribes a private course of conduct, the Government may choose to invoke either applicable law: 'At least where different proof is required for each offense, a single act or transaction may violate more than one criminal statute.' United States v. Beacon Brass Co., 344 U.S. 43, 45 [73 S.Ct. 77, 97 L.Ed. 61] (1952); see also United States v. Noveck, 273 U.S. 202, 206 [47 S.

Ct. 341, 71 L.Ed. 610] (1927); Gavieres v. United States, 220 U.S. 338 [31 S.Ct. 421, 55 L.Ed. 489] (1911). Nor does the partial overlap of two statutes necessarily work a *pro tanto* repealer of the earlier Act. Id. 'It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible * * * The intention of the legislature to repeal "must be clear and manifest". * * * It is not sufficient * * * "to establish that subsequent laws cover some or even all of the cases provided for by [the prior act]; for they may be merely affirmative, or cumulative, or auxiliary". There must be "a positive repugnancy between the provisions of the new law, and those of the old." ' United States v. Borden Co., 308 U.S. 188, 198 [60 S.Ct. 182, 188, 84 L.Ed. 181] (1939)."

I am aware of the five recent cases in which charges under either Section 1 or 2 or 3 of the Sherman Act were dismissed on the ground that corporate officers are indictable only under Section 14 of the Clayton Act where the offenses charged against them are alleged to have been done in their capacities as officers. These cases are: United States v. National Dairy Products Corp., W.D.Mo., 1961, 196 F.Supp. 155; United States v. A. P. Woodson Company, D.C.D.C.1961, 198 F. Supp. 582; United States v. American Optical Company, D.C.E.D.Wis., 1961, Crim.Action No. 61–CR–82; United States v. Milk Distributors Association, Inc., D.C.Md., 1961, Crim. No. 25658, 200 F.Supp. 792 and United States v. General Motors Corp., S.D.Cal.1962, No. 30,132—Crim. In at least four of these cases the District Court appears to have gone beyond the words of the indictment and to have considered a bill of particulars or statements outside the indictment in order to find that the defendant officers were charged solely in their capacity as officers. The indictment here does not restrict the charges against the individu-

al defendants to acts allegedly done in their capacity as corporate officers. But assuming arguendo that it does, I do not find the five last mentioned cases persuasive.

I am of the opinion that the claim of the individual defendants that Section 14 of the Clayton Act affords the Government its sole statutory basis for prosecuting them is not well founded, and that under the allegations of the indictment they are subject to prosecution under Section 1 and 3 of the Sherman Act. Accordingly the motion to dismiss will be denied. An appropriate proposed order should be submitted.