UNITED STATES of America

v.

ENGELHARD-HANOVIA, INC., Engelhard Industries, Inc., Handy & Harman, United Wire & Supply Corporation, Westinghouse Electric Corporation, William J. Wagnitz, Joseph Nickerson, John F. Thompson, Jr., John W. Colgan, Paul G. Feld, James G. Landrigan, Fred D. Brown, and Fred J. Purdy, Defendants.

United States District Court
S. D. New York.
April 17, 1962.

Bernard M. Hollander, John T. Sharpnack, Attorneys, Department of Justice, Washington, D. C., for the United States of America.

Kripke & Feldman, New York City, for Defendant Fred D. Brown, Walter H. Weiner, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, Attorneys for Defendant Fred J. Purdy, Stuart N. Updike, Ronald S. Daniels, New York City, of counsel.

CASHIN, District Judge.

Defendants, Fred D. Brown and Fred J. Purdy, have moved to have Count One of the indictment dismissed as to them pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, 28 U.S.C.A. on the ground that Count One does not state facts sufficient to constitute an offense against the United States by said defendants, or in the alternative, for an order directing the United States to elect between the penalties provided for in Section 1 of the Sherman Act, 15 U.S.C.A. § 1, and those provided for in Section 14 of the Clayton Act, 15 U.S.C.A. § 24.

The indictment consists of two counts. Count One charges five corporations and eight employees with conspiring to fix the resale prices of brazing alloys and to require adherence to those prices by distributors in violation of Section 1 of the Sherman Act. Count Two alleges the identical acts as Count One but charges that the employees who authorized or did the acts thereby violated Section 14 of the Clayton Act. On January 18, 1962, defendants, Engelhard-Hanovia, Inc. and Handy & Harman, pleaded guilty to Count One, United Wire & Supply Cor-

poration and Westinghouse Electric Corporation pleaded not guilty to Count One, and the indictment was dismissed as to defendant Engelhard Industries, Inc. Also, on January 18, 1962, defendants, William J. Wagnitz, Joseph Nickerson, John F. Thompson, Jr., John W. Colgan and Paul G. Feld, pleaded *nolo contendere* to Count Two and Count One was dismissed as to them. On February 23, 1962, defendant James G. Landrigan pleaded *nolo contendere* to Count Two and Count One was dismissed as to him.

The indictment charges these employees solely with acting in their representative capacities for the defendant Westinghouse Electric Corporation and not as individuals acting in their own behalf. Thus, the sole issue presented here is whether corporate officials acting in their representative capacities can, as the Government contends, be indicted under Section 1 of the Sherman Act, or whether, as movants claim, they can only be indicted under Section 14 of the Clayton Act.

Section 1 of the Sherman Act, 15 U.S. C.A. § 1, passed in 1890 and amended in 1955, states:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal * * *. Every person who shall make any contract or engage in any combination or conspiracy declared by sections 1–7 of this title to be illegal shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding fifty thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court."

Section 14 of the Clayton Act, 15 U.S. C.A. § 24, passed in 1914, states:

"Whenever a corporation shall violate any of the penal provisions of the antitrust laws, such violation shall be deemed to be also that of the individual directors, officers, or agents of such corporation who shall have authorized, ordered, or done any of the acts constituting in whole or in part such violation, and such violation shall be deemed a misdemeanor, and upon conviction therefor of any such director, officer, or agent he shall be punished by a fine of not exceeding $5,000 or by imprisonment for not exceeding one year, or by both, in the discretion of the court."

Prior to 1955 the maximum penalties under both statutes were identical and the Department of Justice continued to indict individuals under the Sherman Act even after the Clayton Act was enacted. Apparently, defendants did not raise the point of which statute was the proper one since the penalties under both were identical. However, in 1955 Congress amended Section 1 of the Sherman Act to increase the maximum fine from $5,000 to $50,000 and it is now important that individuals be indicted under the proper statute. In the case at bar the Government has indicted the individual defendants under both statutes.

Recently there have been seven district court decisions bearing directly on the Section 1–Section 14 issue. In five of these cases the courts found that Section 14 of the Clayton Act is the only proper charging statute and, accordingly, dismissed indictments of corporate officials under the Sherman Act. United States v. National Dairy Products Corp., 196 F. Supp. 155 (W.D.Mo.1961); United States v. A. P. Woodson Company, 198 F.Supp. 582 (D.D.C. Sept. 21, 1961); United States v. American Optical Co., CCH Trade Reg.Rep. par. 70,156 (E.D.Wis. Nov. 3, 1961); United States v. Milk Distributors Association Inc., 200 F. Supp. 792 (D.C.Md.1961) and United States v. General Motors Corp., No. 30,-132–Crim. (S.D.Cal.1962). In United States v. North American Van Lines, Inc., 202 F.Supp. 639 (D.D.C.Jan. 29, 1962) the defendants' motion to dismiss was denied and this Court has been informed that in United States v. Pack-

ard Bell Electronics Corp. (S.D.Cal. 1962), Judge Yankwich denied, without opinion, motions by defendants to dismiss counts based on Section 1 of the Sherman Act and motions to dismiss counts based on Section 14 of the Clayton Act as duplicitous.

The Government contends that prior to the enactment of the Clayton Act in 1914, it was established that corporate officials were criminally liable for violations of the Sherman Act committed in their corporate capacity; that the legislative history of the Clayton Act shows that Congress intended Section 14 of the Clayton Act to supplement, but not to supersede or limit, the existing liability of corporate officials under the Sherman Act for antitrust violations committed in their corporate capacities; that the post-1914 criminal enforcement of the Sherman Act, the judicial decisions, and the 1955 increase in the Sherman Act's criminal penalties, all show that Section 14 does not provide the exclusive method for prosecuting corporate officials for antitrust violations.

 I cannot accept the Government's contentions. I find that Section 14 of the Clayton Act was intended to be the exclusive remedy against corporate officials acting in their corporate capacity. To hold that Section 1 of the Sherman Act applies to individuals acting in their corporate capacity would have the effect of nullifying Section 14 of the Clayton Act. I reject the Government's contention that Section 14 was intended to supplement the Sherman Act by permitting the prosecution of top corporate officials who did not participate in antitrust violations to a sufficient degree to make them conspirators under the Sherman Act. I find that Section 1 of the Sherman Act and Section 14 of the Clayton Act are mutually exclusive.

I do not find from either the pre-1914 or post-1914 cases that it is clear, as the Government contends, that corporate officials were criminally liable under the Sherman Act for violations committed in their corporate capacity. To the contrary, there appears to have been much doubt on the point and no direct ruling that the Sherman Act was or was not applicable to the situation at bar. Nor does the legislative history of the Clayton Act shed much light upon the subject. Thus, while Representative Floyd stated that:

"* * * under the Sherman law as it is now written you can convict an officer for violation of its provisions, but his acts must constitute the whole offense, or he must be a conspirator, and come within the rules of law governing conspiracies, but under this provision if he does any of the acts which constitute in whole or in part that violation then he may be convicted as an individual." 51 Cong.Rec. 16320.

Senator Culberson stated:

"Heretofore, under the Sherman Act, if a corporation were guilty of a violation of that act, the guilt of that corporation would not be visited upon the individual director or agent or officer who authorized or committed or induced the act. This section [Section 14 of the Clayton Act] is intended to supply that deficiency and to visit upon the officers and agents of the corporation responsible for the conduct punishment for the act of the corporation." 51 Cong. Rec. 14324.

To accept the Government's contentions in this case would not only nullify Section 14 of the Clayton Act but would also mean that the defendants herein, who acted solely in their corporate capacities, would be subject to a $55,000 fine and two years in jail. This would be so even though individuals who act in their own behalf could only be indicted under the Sherman Act and thus subject only to a $50,000 fine and one year in jail. I do not believe that Congress intended to make individuals who act in their own behalf liable only under the Sherman Act and at the same time make individuals who act in their corporate capacity liable

under both the Clayton and Sherman Acts and thus subject to harsher penalties.

Defendants' motion to dismiss Count One of the indictment is granted.

It is so ordered.